933 F.2d 1002
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Junior WIGGINS, Defendant-Appellant.
 No. 90-5209.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1991.
Decided May 21, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Richard C. Erwin, Chief District Judge. (CR-90-78-WS)
 Charles Henry Harp, II, Hedrick, Harp & Michael, Lexington, N.C., for appellant.
 Paul Alexander Weinman, Assistant United States Attorney, Greensboro, N.C. (Argued), for appellee; Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., on brief.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Robert Junior Wiggins appeals from his conviction for one count of using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c) and two counts of possession of unregistered sawed-off firearms in violation of 26 U.S.C. Sec. 5861(d). Wiggins contends that (1) there was insufficient evidence to support his convictions on all counts; (2) the questions asked by the trial judge of defense witnesses and the judge's demeanor toward those witnesses was improper; and (3) he was improperly denied a two-level reduction for acceptance of responsibility. Finding no error, we affirm.
 
 I.
 
 2
 Sergeant Thomas Norman of the Walnut Cove Police Department and deputies from the Forsyth County Sheriff's Department served an arrest warrant on the defendant at his home at 5920 Meadow Dale Court in Forsyth County. As the defendant was being led from the house, he asked the officers to retrieve his coat for him, which they did. While the defendant was being processed at the police station, he asked one of the deputies if he could have his coat. Prior to giving him the coat, a deputy patted the coat down and felt something hard in one of the pockets. Inside the pocket, the deputy found a glass tube containing white powder which tested positive for cocaine.
 
 
 3
 After finding the glass tube, the officers prepared a search warrant for the house. Upon the search of the house, the officers found a sawed-off .22 caliber rifle in the den of the house and a sawed-off shotgun in the bedroom where the defendant was arrested. The officers also found pieces of each firearm and a hacksaw and blade in the basement. In addition to the firearms, the officers found numerous articles that they identified as drug paraphernalia: a grinder/sifter, cutting agents, a cooking kit, test tubes, a knife, a razor blade, components of torch bottles, hand scales, and triple beam balance scales. Much of the paraphernalia contained traces of cocaine.
 
 
 4
 Wiggins was indicted on one count of possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c), and two counts of possession of unregistered firearms in violation of 26 U.S.C. Sec. 5861(d). A jury found Wiggins guilty of the three counts. Wiggins was sentenced to five years on the Sec. 924(c) count and 27 months on the other gun counts to run consecutively, and he appeals.
 
 II.
 
 5
 In order to be convicted of 18 U.S.C. Sec. 924(c), it must be proved beyond a reasonable doubt that the defendant was using or carrying a firearm during or in relation to a drug trafficking offense. Often this charge is coupled with one or more substantive drug charges as the evidence may allow. In this case, the government chose to charge Sec. 924(c), but not a substantive drug offense. Even though the defendant was not charged with a substantive drug trafficking crime, the government still had the burden to prove beyond a reasonable doubt that a drug trafficking offense was committed, and that the firearms found were used or carried in the commission of that crime.
 
 
 6
 In order to prove that Wiggins was involved in drug trafficking, the government offered the small amount of cocaine found in the defendant's coat, the trace amounts of cocaine found on some of the drug paraphernalia, and the presence of substantial amounts of drug paraphernalia. The question on appeal is whether this evidence is sufficient for a jury to find, beyond a reasonable doubt, that a drug trafficking offense was committed.
 
 
 7
 When assessing the sufficiency of the evidence to sustain a conviction on appeal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). A reviewing court must "allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982) (citations omitted).
 
 
 8
 The trier of fact relied on circumstantial evidence and drew reasonable inferences from the evidence presented. The presence of cutting agents, scales, vials, and other paraphernalia, together with the cocaine found in the defendant's coat and the trace amounts of cocaine found on some of the drug paraphernalia, permits a rational trier of fact to find beyond a reasonable doubt that Wiggins engaged in drug trafficking. The fact that only a small amount of cocaine was found does not control. "There is no minimum quantitative amount necessary to support a conviction." United States v. Sims, 529 F.2d 10 (8th Cir.1976) (citations omitted). When this evidence is viewed in the light most favorable to the government and all reasonable inferences are made, this evidence is sufficient for a rational trier of fact to find that Wiggins was trafficking in drugs, and that the guns were used or carried in the commission of that offense. The guns and the drug paraphernalia were in the same rooms. There is a sufficient nexus between the guns, the drugs, and the drug paraphernalia for the jury to believe beyond a reasonable doubt that the guns were used in relation to a drug trafficking offense punishable in a court of the United States, to wit: either possession of cocaine with intent to distribute or distribution of cocaine.
 
 III.
 
 9
 Wiggins next argues that there was insufficient evidence to convict him of possession of two unregistered firearms. Testimony at trial revealed that the sawed-off shotgun was found in the master bedroom of the house in which he was arrested, and was the room that he shared with his girlfriend, Priscilla Jackson. Ms. Jackson testified that Wiggins put the gun under their bed and told her that she could use it for her protection. The sawed-off rifle was found in a room which was considered by Ms. Jackson to be Wiggins' room. As viewed in the light most favorable to the government, the evidence is sufficient to prove that both firearms were possessed by Wiggins. The evidence was uncontradicted that neither of the firearms was registered with the National Firearms Registration and Transfer Record. Therefore, there was sufficient evidence for the jury to find that 26 U.S.C. Sec. 5861(d) was violated.
 
 IV.
 
 10
 Wiggins' next argument is that the trial judge abused his discretion with his questions to and his demeanor toward defense witnesses during the trial. Wiggins argues that the questions asked by the trial judge cast doubt on the witnesses' credibility. There is no support for this contention. The trial judge asked certain witnesses whether they had been subpoenaed or whether they were testifying voluntarily. The witnesses answered that they were testifying voluntarily. Wiggins argues that these questions cast doubt on the witnesses' credibility. To the contrary, the questions could be viewed in a neutral context or could be viewed as favorable to the witnesses' credibility because of the witnesses' voluntary attendance at trial. There was nothing in the trial judge's demeanor that was prejudicial to Wiggins. The record fails to indicate that the judge's demeanor was anything but proper. Accordingly, the judge's questions and his demeanor were not an abuse of his discretion.
 
 V.
 
 11
 Finally, Wiggins contends that he was improperly denied a twolevel reduction for acceptance of responsibility. He asserts that he was denied the reduction because he exercised his right to a trial by jury. Wiggins was not denied the two-point reduction merely because he exercised his right to a jury trial. It is clear from the presentence report, made after the United States probation officer's interview with Wiggins, that he in fact never accepted responsibility for his actions even after he was convicted. The presentence report states under the
 
 
 12
 "Acceptance of Responsibility" heading the following:
 
 
 13
 Mr. Wiggins insists that the illegal firearms for which he was convicted were not his.... The defendant states at the time of his arrest he was not dealing in drugs, was not using drugs, and adamantly re-emphasized the weapons were not his.
 
 
 14
 A reduction for acceptance of responsibility is not given pro forma, but is a discretionary reduction allowed by the court at sentencing. The court could not allow Wiggins a two-point reduction for acceptance of responsibility since Wiggins in fact has never accepted responsibility.
 
 
 15
 For the foregoing reasons, the judgment of the district court is
 
 
 16
 AFFIRMED.