**UNITED STATES of America,
Appellee,**

v.

**Ernest SIMS, Appellant.**

**No. 75–1652.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1975.

Decided Jan. 21, 1976.

agent who agreed to purchase $50 worth of heroin and $50 worth of cocaine. The DEA agent gave Sims $100 and Sims thereafter left the car for five to ten minutes. The agent testified that Sims returned with two balloons, and stated that one contained heroin and the other contained cocaine. The agent and the informer then drove Sims back to his residence and let him out. Then the agent went back to the DEA office to test the substances. The agent's testimony was corroborated by the testimony of two other DEA agents who had been surveilling these activities from another car.

 We find sufficient evidence to support Sims' conviction in his stipulation that the substances contained derivatives of opium, heroin and cocaine, in compound structures. The trial court did not err in so instructing the jury. The fact that heroin hydrochloride contains heroin, and that cocaine hydrochloride contains cocaine, is common knowledge. *See United States v. Pisano,* 193 F.2d 355, 359 (7th Cir. 1951). *Cf. United States v. Ramirez,* 482 F.2d 807, 816 (2nd Cir.), *cert. denied,* 414 U.S. 1070, 94 S.Ct. 581, 38 L.Ed.2d 475 (1973); *United States v. Rosa,* 343 F.2d 123, 125 (2nd Cir. 1965). Under federal law, a conviction will be upheld even though the prohibited substance is found in small quantity. There is no minimum quantitative amount necessary to support a conviction. *See United States v. Nelson,* 499 F.2d 965, 966 (8th Cir. 1974) and cases cited therein.

 Defendant additionally urges that the government's failure to produce the informant at trial was error. Defendant concedes that he did not move for a continuance or request production of the informant. Our decision in *United States v. Webster,* 490 F.2d 435 (8th Cir. 1974), is dispositive of this issue. There, we held:

> [W]here the government does not call the witness and the defendant proceeds with his case, without further request of the court that the informant be produced, or without a motion

David Robards, Asst. Federal Public Defender, Kansas City, Mo., for appellant.

James C. England, Asst. U. S. Atty., for appellee.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

Ernest Sims appeals his conviction of distributing heroin and cocaine in violation of 21 U.S.C. § 841(a)(1). He asserts the following errors on appeal: (1) that the government failed to prove and the district court erred in instructing that the substances alleged to have been sold by the defendant were heroin and cocaine; (2) that the government failed to produce the informant before or at trial; (3) that the district court erred in admitting evidence as to the nature of the crimes and the lengths of the sentences imposed in defendant's prior convictions; and (4) that 21 U.S.C. § 841(b)(1)(A) is constitutionally infirm due to lack of any explicit statutory maximum. We affirm the conviction.

A Drug Enforcement Administration (DEA) agent testified that he and an informant went to the Sims residence on August 26, 1974, at which time the defendant joined them in their automobile. The defendant directed them to drive to another location. During the drive, Sims discussed the proposed sale with the

12

for continuance to interview the informant, the defendant has waived his right to have the informant produced. *United States v. Williams*, 481 F.2d 735 (8th Cir. 1973).

490 F.2d at 437.

■ The defendant also asserts that the trial court erred in allowing evidence of the nature and sentences of defend-ant's previous convictions. The defendant does not challenge the well established rule that evidence of past convictions is admissible for impeachment purposes. However, he argues that the prejudice to him resulting from the jurors' knowledge that he had been convicted of crimes of violence outweighed the probative value of the testimony. This contention is identical to that raised in *United States v. Carter*, 528 F.2d 844 (8th Cir. 1975), where we pointed out that we would not adopt any "wooden rule" prohibiting admission of the nature of the prior felony when proof of the felony is otherwise admissible.

Here the trial court felt that there was greater prejudice to the defendant if the evidence was *not* disclosed.[1] The prior crimes were "stealing from the person" and "robbery." Under the principles discussed in *Carter*, we cannot say the trial court abused its discretion. Additionally the trial court gave counsel opportunity to bring out evidence concerning dates of parole as they affected the time of these sentences. Counsel did not choose to do so. We find no error here.

■ Defendant's final argument is that 21 U.S.C. § 841(b)(1)(A), under which defendant was sentenced to a special parole term of three years, is unconstitutional in that the statute does not delineate the maximum limit of the special parole term.

In interpreting a very similar provision, 21 U.S.C. § 841(b)(1)(B), we recently held that:

"[W]e read the special parole statute in question as providing a maximum

1. The court stated:
 Well, what do you want to do? Let the jury imagine he was convicted of rape. . . . It

term of parole of life. Due process is not violated by failure of a sentencing statute to specify the maximum sentence of imprisonment or parole."

*United States v. Rich*, 518 F.2d 980, 987 (8th Cir. 1975).

This rational is dispositive here.

Judgment affirmed.

is highly prejudicial not to have it accurately stated as to what the facts are.