**UNITED STATES of America**

**v.**

**Saragosa Lopez VELA, Appellant.**

**No. 79–1338.**

United States Court of Appeals, District of Columbia Circuit.

July 20, 1979.

Before FAHY, Senior Circuit Judge, MacKINNON and ROBB, Circuit Judges.

Opinion Per Curiam.

Separate statement by FAHY, Senior Circuit Judge.

---

PER CURIAM:

Petitioner Vela on January 17, 1975 entered a guilty plea to a violation of 21 U.S.C. § 841 (possession of narcotics with intent to distribute) and was sentenced to 18 months confinement and a *special parole term of three years*. No direct appeal was taken. He completed his term of confinement and while he was released on parole he committed another narcotics offense for which he was convicted in the Western District of Texas and sentenced to four years imprisonment. He is now serving that sentence, but a detainer has been filed against him which alleges his parole violator status. In this proceeding under 28 U.S.C. § 2255 he moves to vacate that portion of his 1975 sentence that adjudged the special parole term of three years.

The statute violated in the 1975 offense, 21 U.S.C. § 841(b), provides for a mandatory *minimum* term of special parole, whenever imprisonment is adjudged, as follows:

"Any sentence imposing a term of imprisonment under this paragraph shall, . . . impose a special parole term of at least 3 years in addition to such term of imprisonment . . . ."

The Federal Rules of Criminal Procedure provide:

"(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands the following: (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; "

F.R.Crim.P., 11(c)(1).

It appears from the defendant's moving papers that he does not complain that he was not properly advised by the Court, before he entered his guilty plea, as to the *minimum* three year term of special parole that is required. Rather he makes a complaint with respect to the *maximum* term of special parole though he did not receive any sentence beyond the *minimum* term. He seeks support for his attack in the fact that the statute does not provide any specific number of years as a *maximum* for the special parole term. He states the theory of his complaint as follows:

"Where special parole has been imposed without the court being able to advise the defendant of the outer limits of special parole and where the defendant entered the plea of guilty, *the court improperly accepted that plea of guilty where it was impossible to inform the defendant of the maximum term he could expect to receive.*"

(Emphasis added).

His attached memorandum further articulates the question he presents as follows:

"ISSUE PRESENTED FOR REVIEW"

The petitioner above named presents one (1) issue for the consideration of this Court, namely, the legallity [*sic*] of a special parole term where a plea of guilty has been entered, and where it is impossible for the Court to inform the defendant of 'the consequences of his plea of guilty' and therefore has accepted the guilty plea in plain error and requires vacation and separation of the special parole term from the sentence of 18 months imprisonment."

The issue thus presented is very narrow and the District Court decided it adversely to the petitioner as follows:

"[T]he special parole requirements of 21 U.S.C. § 841(b)(1)(A) does not violate the requirement of Fed.R.Crim.P. 11(c)(1) to inform a defendant prior to accepting a plea of guilty, of the 'maximum possible penalty provided by law.' *See United States v. Walden*, 578 F.2d [966] 972 (3rd Cir. 1978); *United States v. Jones*, 540 F.2d 465, 468 (10th Cir. 1976) *cert. denied*, 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977); *United States v. Sims*, 529 F.2d 10, 12 (8th Cir. 1976); *United States v. Rich*, 518 F.2d 980, 987 (8th Cir. 1975), *cert. denied*, 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 7200 (1976).

We agree with the decision of the District Court that the statute does not prevent compliance with the rule.

■ However, we base our decision on the harmless error reflected in the facts of this case. As outlined by the defendant's moving papers, this case does not present any substantial issue as to the *maximum* term. Petitioner was notified of the three year *minimum* term and he was sentenced to a three year *minimum* term, and since that was the *minimum* term of special parole that any court could legally adjudge, since such a three year term of special parole is mandatory under the statute, the defendant has not been harmed in any respect. What *maximum* sentence may be imposed is not involved because petitioner did not receive any sentence beyond the mandatory *minimum.*

Vela does not question that he was advised of the statutory requirement that he received a *minimum* three year term of special parole if he was adjudged any imprisonment and he did not receive a sentence in excess of that advice. Any error therefore is clearly harmless beyond a reasonable doubt.[1]

The decision in *United States v. Timmreck,* —— U.S. ——, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) also supports denial of appellant's motion.

We accordingly deny the motion for appointment of counsel and *sua sponte* affirm the judgment of the District Court denying defendant's Motion to Vacate and Correct Sentence and his Petition for Writ of Habeas Corpus.

*So ordered.*

FAHY, Senior Circuit Judge:

I would deny the referred motion for appointment of counsel and affirm the judgment of the District Court on the basis of the recent decision of the Supreme Court of the United States in *United States v. Timmreck,* —— U.S. ——, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

---

1. It can also be persuasively argued that if he was only advised of the three year *minimum* term of special parole that said three year term then becomes the *maximum* term that may be adjudged.