**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jessie JONES, Jr., Defendant–Appellant.**

No. 94–5913.

United States Court of Appeals,
Sixth Circuit.

Argued May 15, 1995.

Decided Sept. 18, 1995.

Richard Leigh Grinalds, Asst. U.S. Atty. (argued and briefed), Office of the U.S. Atty., Jackson, TN, for U.S.

T. Clifton Harviel, Jr., Federal Public Defender (argued and briefed), Office of the Federal Public Defender, Memphis, TN, for Jessie Jones, Jr.

Before: JONES and RYAN, Circuit Judges and MATIA, District Judge.*

JONES, J., delivered the opinion of the court. RYAN, J. (p. 524), delivered a separate concurring opinion. MATIA, D.J. (pp. 524–526), delivered a separate dissenting opinion.

NATHANIEL R. JONES, Circuit Judge.

Defendant–Appellant Jessie Jones, Jr., appeals his conviction and sentence for possession of a firearm by a felon, and this court must determine whether the lower court committed plain error by instructing the jury that an essential element of the crime had been proven. This court's previous holdings make it clear that "the trial judge invades the jury's province when, instead of simply instructing on the law, he applies the law to facts he has determined." *United States v. Mentz,* 840 F.2d 315, 319 (6th Cir.1988). Accordingly, we vacate the judgment of the lower court and remand this case for further proceedings.

## I.

On January 24, 1994, Jones was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (1988). Jones subsequently pleaded not guilty, and a jury trial was conducted from April 25–27, 1994. At the close of the government's case, Jones and the government stipulated that Jones was a convicted felon. Jones' Br. at 4; *see* J.A. at 14. During the presentation of the defense's evidence, Jones testified on his own

behalf and, once again, admitted that he had been convicted of a felony. J.A. at 14.

Following the close of all evidence, the district court gave the following jury instruction with respect to the essential element of Jones's prior conviction:

The first element you must find beyond a reasonable doubt before you can convict the defendant is that the defendant had been convicted of a felony in a court of the United States or any state prior to the date he is charged with possessing a firearm. To satisfy the first element, you need only find that the defendant was, in fact, convicted of a felony, and that the conviction was prior to the receipt or possession of the firearm charged in this case. Defendant admits that he was convicted of a felony prior to the date alleged in the indictment, so this element of the offense has been proven. Since defendant admits that he was previously convicted of a felony, you will find that the government has established this element of the offense, and you will proceed to determine if the government has proven the remaining elements of the offense.

J.A. at 23–24. Defense counsel raised no objection to this instruction, and Jones was subsequently convicted and sentenced to 300 months imprisonment followed by three months supervised release.

## II.

On appeal, Jones argues that, although he failed to object at trial, it was plain error for the court to instruct the jury that an essential element of the crime had been proven. Where a party fails to object to jury instructions at trial, the court of appeals will not address the question on appeal unless the error is obvious and prejudicial, in which case, the court will consider it in the interest of justice. *Young v. Langley,* 793 F.2d 792, 795 (6th Cir.), *cert. denied,* 479 U.S. 950, 107 S.Ct. 436, 93 L.Ed.2d 385 (1986). In such a case, the court of appeals may review only for clear and prejudicial error. *Chonich v. Wayne County Community College,* 973 F.2d

* The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation.

1271, 1275 (6th Cir.1992) (amended opinion); *see also United States v. Prujansky*, 415 F.2d 1045, 1048 (6th Cir.1969) (holding that court should review for plain error where defendant failed to object to instruction at trial); Fed.R.Crim.P. 52(b).

### III.

Jones's argument is simple: by instructing the jury that an essential element of the crime had been proven, the district court improperly invaded the province of the jury. The government argues, however, that Jones's argument is unavailing because he stipulated to the facts that the judge directed the jury to find. The government relies heavily upon this court's holding in *Prujansky*, where this court stated:

> We understand the general rule in a criminal case is that the court may not direct a verdict of guilty no matter how strong the evidence and that the Government must prove every essential element of the crime beyond a reasonable doubt. It is a better practice for a trial judge to charge on all elements of the alleged crime *unless the parties otherwise stipulate.*

415 F.2d at 1048 (citation omitted) (emphasis added). The government argues, moreover, that in the cases cited by Jones, the defendants had not stipulated to the elements for which the trial judge instructed. *See Mentz*, 840 F.2d at 318 (whether bank was FDIC insured); *United States v. Piche*, 981 F.2d 706, 716 (4th Cir.1992) (whether establishment was place of public accommodation), *cert. denied*, —— U.S. ——, 113 S.Ct. 2356, 124 L.Ed.2d 264 (1993); *Hoover v. Garfield Heights Mun. Ct.*, 802 F.2d 168, 177 (6th Cir.1986) (whether a lawful arrest had occurred), *cert. denied*, 480 U.S. 949, 107 S.Ct. 1610, 94 L.Ed.2d 796 (1987); *United States v. White Horse*, 807 F.2d 1426, 1429 (8th Cir. 1986) (whether the Telephone Authority was an Indian tribal organization under 18 U.S.C. § 1163).

■ The government's position, however, ignores two points. First, *Mentz* and other appellate and Supreme Court cases, which are dispositive of this issue, were decided after this court's decision in *Prujansky*. Second, the delegation of fact finding powers to juries under our Constitution is not conditioned upon the evidence being contested; nor is the government's burden to prove every element of the offense relieved by a defendant's tactical decision not to contest an essential element. *See Estelle v. McGuire*, 502 U.S. 62, 69–70, 112 S.Ct. 475, 481, 116 L.Ed.2d 385 (1991).

In *United States v. Mentz*, a bank robbery case, the district court instructed the jury that two banks were insured by the Federal Deposit Insurance Corporation at the time of the alleged robbery. The insured status of the bank was, however, an essential element of the offense. In reversing the Mentz's conviction, this court found that the instruction "relieved the government of establishing, and the jury from finding beyond a reasonable doubt, every essential element of [the crime]." *Mentz*, 840 F.2d at 320.

■ "The Sixth Amendment to the Constitution guarantees to a defendant the opportunity for a jury to decide guilt or innocence." *Id.* at 319 (citing *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968)). "A necessary corollary is the right to have one's guilt determined only upon proof beyond the *jury's* reasonable doubt of every fact necessary to constitute the crime charged." *Id.* (emphasis added) (citing *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970)). Thus, stipulated evidence remains evidence for the *jury's* consideration, and a trial judge may not " 'override or interfere with the jurors' independent judgment in a manner contrary to the interests of the accused.' " *Id.* (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 572–73, 97 S.Ct. 1349, 1355–56, 51 L.Ed.2d 642 (1977)). As this court noted in *Mentz*,

> In a criminal trial, the trial judge and the jury have well-defined roles, refined over many years of constitutional adjudication. The trial judge instructs the jury on the law applicable to the issues raised and, in appropriate circumstances, may comment on the evidence. The jury then independently determines the facts, and applies the law to those facts, in reaching its fateful decision. However, the trial judge

invades the juries province when, instead of simply instructing on the law, he applies the law to the facts he has determined.

> There can be little doubt that a trial judge commits error of constitutional magnitude when he instructs the jury as a matter of law that a fact essential to conviction has been established by the evidence, thus depriving the jury of the opportunity to make this finding. This is tantamount to a directed verdict for the prosecution, a result that is condemned by the Constitution.

*Id.* at 319–20 (internal citations, quotations, and footnotes omitted); *see White Horse,* 807 F.2d at 1430 ("when the judge is no longer deciding the law that applies to the evidence, but rather is applying the law to the facts—facts that are determined after assessing the probative value of evidence introduced at trial—the judge has invaded the jury's province"); *United States v. Johnson,* 718 F.2d 1317, 1322, 1324–25 (5th Cir.1983) (en banc) (same); *Martin Linen Supply Co.* 430 U.S. at 572–73, 97 S.Ct. at 1355 ("a trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict, regardless of how overwhelmingly the evidence may point in that direction") (internal citations omitted); *United Bhd. of Carpenters & Joiners v. United States,* 330 U.S. 395, 408, 67 S.Ct. 775, 782, 91 L.Ed. 973 (1947) (judge may not direct a verdict for prosecution).

It is worth noting that *Mentz* does not prohibit a trial judge from commenting on the evidence. *See Mentz,* 840 F.2d at 321 ("A trial judge may comment on the evidence."). He simply may not do so "if his remarks ... convey the impression that they are established truths, such that the jury may not deviate from them." *Id.* at 321–22. Thus, the trial court could arguably have advised the jury to the effect that, "The parties have stipulated that Jones is a convicted felon, and you may/should strongly consider this when determining whether this element has been established beyond a reasonable doubt." Here, however, the court's instruction left absolutely *no* room for the jury to decide the issue of Jones's convicted

felon status, and was thus "beyond the permissible range of acceptability." *Id.* at 322.

The government makes much of the fact that the jury had been told repeatedly throughout the proceedings—by the court, the government, and the defense—that Jones did not deny his status as a convicted felon. *See* Gov't Br. at 3–5. While not stating so explicitly, this argument implies that the court's instruction was, at most, harmless error. This argument is, however, directly contrary to this court's holding in *Mentz,* where we specifically stated that

> [i]t is not important that the jury might have reached a similar conclusion had it been given an opportunity to decide the issue under a correct instruction. *A plea of not guilty places all issues in dispute, even the most patent truths.* ... Whatever probative force the government's proof possessed, the jury had the power to accept or reject it—or to find it insufficiently persuasive. The defendant had a correlative right to free and unhampered exercise by the jury of all its powers. Accordingly, the district judge committed error when he relieved the government of establishing, and the *jury* from finding beyond a reasonable doubt, every essential element of [the crime].

840 F.2d at 320. (emphasis added) (internal citations, quotations, and footnote omitted).

■ Moreover, an error such as this can never be harmless. The Supreme Court "has indicated that certain constitutional errors are so fundamental to the criminal process that reversal is required 'without regard to the evidence in a particular case.'" *Id.* at 323 (quoting *Rose v. Clark,* 478 U.S. 570, 577, 106 S.Ct. 3101, 3105, 92 L.Ed.2d 460 (1986)). "'[W]hen an instruction prevents the jury from considering a material issue, it is equivalent to a directed verdict on that issue and therefore cannot be considered harmless.'" *Id.* at 324 (quoting *Hoover,* 802 F.2d at 177). As this court observed,

> [T]he jury [may not be] prevented from carrying out its historic duty of finding beyond a reasonable doubt the facts supporting every essential element of the offense. "The harmless-error doctrine may enable a court to remove a taint from

proceedings in order to *preserve* a jury's findings, but it cannot constitutionally *supplement* those findings."

*Id.* (quoting *Pope v. Illinois,* 481 U.S. 497, 509, 107 S.Ct. 1918, 1925–26, 95 L.Ed.2d 439 (1987) (Brennan, J., dissenting).

Finally, this holding should not cause the government concern that stipulations will become meaningless. *See* Gov't Br. at 8 (stating "[t]he defendant would have the court rule that a stipulation is not a stipulation"). To the contrary, the fact that a jury may appropriately be made aware of a stipulation should give the government and the courts confidence that reasonable jurors will generally find stipulated facts to be established beyond a reasonable doubt. In remaining consistent with the values and procedures that are embodied and stated in our Constitution, however, we ultimately must have faith that jurors will carefully and critically listen to the evidence—whether testimonial, direct, circumstantial, or stipulation—as presented by the government and the defense, that they will listen to and comprehend the law as presented to them by the court, and that *the jury* will thoughtfully apply the facts to the law.

### IV.

As in *Mentz,* "[b]y placing a judicial imprimatur on the government's proof with respect to an element of the offense, the faulty instruction directed a partial verdict for the prosecution, ensuring that the jury would not find *all* elements beyond a reasonable doubt." 840 F.2d at 324. Accordingly, we order that Jones's judgment of conviction and sentence be **VACATED** and that this case be **REMANDED** for a new trial.

RYAN, Circuit Judge, concurring.

Because what I thought was clear from Judge Jones's opinion apparently is not, I write separately to emphasize the basis for my concurrence in what he has written.

I take the rule of this case to be that a trial judge may not, in a criminal case, when an essential element of the crime charge is stipulated, instruct a jury that it *"will* find that the government has established [the stipulated] element of the offense." (Emphasis added.) The error, indeed, the constitutional error in such an instruction, is in telling the jury what it "will find"; it is not in telling the jury that the stipulated fact is "proved." The difference is subtle, but significant. Juries, in the exercise of their power of nullification, are free to ignore or reject facts that are "proved"; whether proved by the introduction of evidence or by stipulation. When the parties in a criminal case stipulate that an essential fact is "proved," and the trial judge instructs the jury that the stipulated fact is proved, there has been no interference with the jury's prerogative to decide what it will *find* has been proved.

However, it is an altogether different matter for the trial judge to tell the jury, not merely that a fact is "proved," but that, in addition, the jury "will find" that it is proved. It is in commanding the jury what it must "find" that the trial court usurps the jury's prerogative and effectively denies the defendant the right to have the jurors, and the jurors alone, find the facts in the case. *See United States v. Hayward,* 420 F.2d 142, 143–44 (D.C.Cir.1969); *Schwachter v. United States,* 237 F.2d 640, 644 (6th Cir.1956). There is no new law in any of this. And there is no cause for any alarm that because of what we have said here, prosecutors or defendants will be disinclined to enter stipulations that certain facts are "proved."

We do no more today than reiterate the long-standing rule that while the trial court, in a criminal case, may in appropriate circumstances tell a jury what has been "proved," the court may not instruct the jury as to what it "will find."

PAUL R. MATIA, District Judge, **dissenting.**

I must respectfully dissent from the majority's astounding holding that it is plain error for a trial court to instruct a jury that an essential element of a crime has been established when the defendant has stipulated to the facts that prove that element. In my opinion, such an instruction is not error at all, let alone plain error.

Most importantly, there is simply no judicial precedent for such a ruling. The cases

cited by the majority do *not* involve a stipulation by the defendant. The case principally relied upon by the majority, *United States v. Mentz*, 840 F.2d 315 (6th Cir.1988), was a bank robbery case in which one of the essential elements which had to be established by the government was that the bank was insured by the Federal Deposit Insurance Corporation (FDIC). Not only was there no stipulation by the defendant but the government's FDIC evidence was admitted over defense counsel's objection, and at the close of the government's case, defendant moved for dismissal on the ground that the evidence failed to establish FDIC insurance. The trial court in *Mentz* nevertheless instructed the jury that the bank was insured by the FDIC. The Sixth Circuit quite properly held that the trial judge had actually determined the disputed fact of FDIC insurance and, therefore, reversed. *Id.* at 320. The court said in footnote 8 on page 320:

> Since the government's evidence on this issue consisted mainly of witness testimony, the trial judge replaced the jury by reaching a conclusion based on assessing the credibility of witnesses and weighing the probative value of the evidence (citation omitted).

I am completely mystified as to how the *Mentz* case (both facts and reasoning) can be considered controlling precedent for the instant case, in which the defendant and the government agreed on the stipulated fact, thus making the introduction of any evidence on that element unnecessary. All of the cases cited by the majority stand for the proposition (in various guises) that in criminal cases the court simply may not direct a verdict on any issue. *See, e.g., United States v. Johnson*, 718 F.2d 1317, 1323 (5th Cir. 1983). Not a single case, however, involves a defendant's stipulation to an element of the crime.

In *United States v. Prujansky*, 415 F.2d 1045 (6th Cir.1969), this Court said as follows:

> We understand the general rule in a criminal case is that the court may not direct a verdict of guilty no matter how strong the evidence and that the Government must prove every essential element

of the crime beyond a reasonable doubt (citation omitted). It is better practice for a trial judge to charge on all elements of the alleged crime *unless the parties otherwise stipulate.*

*Id.* at 1048 (emphasis added). The majority opinion dismisses *Prujansky* on the ground that "*Mentz* and other appellate and Supreme Court cases, which are dispositive of this issue, were decided after this court's decision in *Prujansky*." Majority opinion at 522. The trouble is, *Mentz* and the other cases are simply *not* dispositive of this issue, as discussed above.

At least two other circuits have considered this issue. In *United States v. Sims*, 529 F.2d 10 (8th Cir.1976), the defendant entered into a stipulation that the substances alleged to have been sold contained derivatives of opium, heroin and cocaine. On appeal, he argued that the court committed error in instructing the jury that the substances were heroin and cocaine. The Eighth Circuit held that his stipulation was sufficient evidence and that the trial court did not err in so instructing the jury. *Id.* at 11. Accordingly, the *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (1994 edition) § 2.03 offers the following charge:

> The government and the defendant[s] have stipulated—that is, they have agreed—that certain facts are as counsel have just stated. You should therefore treat these facts as having been proved.

The Ninth Circuit, in *United States v. Houston*, 547 F.2d 104 (9th Cir.1976), held that "when parties have entered into stipulations as to material facts, those facts will be deemed to have been conclusively established." *Id.* at 107. The defendant claimed that his stipulation that he had been previously convicted of a felony should not have been submitted to the jury (because that was a question of law). The court responded that "the stipulation related to an essential element of the crime, to be regarded by the jury as a fact conclusively proved." *Id.* In the *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit* (1992 edition), the following instruction appears at § 2.04:

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

The reasoning of *Mentz* and other cases cited by the majority simply has *no* applicability to stipulations by a defendant. If a defendant and the government agree that certain facts are as stated and that no additional evidence on such facts is needed, how can an instruction to the jury that it should treat those facts as having been proved be found to be a violation of the constitutional right to a jury trial? Surely if a defendant can give up the right to a jury trial of *all* the issues by entering a guilty plea or by waiving a jury (*Duncan v. Louisiana,* 391 U.S. 145, 158, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491 (1968)), he or she can give up the right to a jury finding on a single issue by entering into a stipulation of fact. To hold otherwise is to raise form over substance.

The practical effect of the majority's ruling in this case could be profound. I cannot agree that "this holding should not cause the government concern that stipulations will become meaningless," as the majority claims at page 523. Every attorney and trial judge should be concerned.

The stipulation of a fact at trial means that no evidence as to that fact need be introduced because the parties are agreeing for all purposes of the litigation that the stipulated fact *is true.* This allows the participants—parties, jurors and the trial judge—to concentrate on issues about which there is dispute. The result is more efficient administration of justice through shorter, less costly, and more focused trials.

If a jury is now to be allowed to ignore the parties' stipulation of facts and instead substitute its own speculation (because, in the absence of any additional evidence on a stipulated fact, the jury could only speculate), it will be incumbent upon the government (the party principally impacted, since it has the burden of proof in a criminal case) to present every scrap of evidence to support conviction. Thus, for example, when a defendant is on trial on the charge of being a felon in possession of a firearm, it will no longer be sufficient for the government and the defendant to stipulate merely that the defendant was previously convicted of an offense punishable by a term of incarceration of at least one year. Under the rule announced by the majority today, the government will be forced to introduce into evidence every previous felony conviction a defendant has, lest the jury choose to "disbelieve" either a stipulation or any one such conviction the government might select. This will certainly be far more prejudicial to a defendant's right to a fair trial than a stipulation of fact could ever be. I find it difficult to believe that such a result, ostensibly in the interest of preserving the right to a jury trial, will benefit defendants, the court system, or public respect for the law.

For all of the foregoing reasons, I must dissent.