PUBLISH

UNITED STATES COURT OF APPEALS

Filed 5/30/96

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

      No. 95-5118

ROBERT MASON,

      Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Oklahoma
(D.C. No. 94-CR-141-K)

Allen J. Litchfield, Assistant United States Attorney, Tulsa, Oklahoma, (James L. Swartz, Assistant United States Attorney, Tulsa, Oklahoma on the brief), for Plaintiff-Appellee.

Craig P. Bryant, Assistant Federal Public Defender, Office of the Federal Public Defender, Tulsa, Oklahoma, for Defendant-Appellant.

Before **ANDERSON, McKAY,** and **MURPHY,** Circuit Judges.

**MURPHY**, Circuit Judge.

Defendant was convicted by a jury of possessing a firearm after a prior felony conviction. On appeal, he argues that the trial court erred by instructing the jury, based on his stipulations, that two elements of the offense with which he was charged had been proved. This court affirms.

Defendant Robert Mason was charged in a one-count indictment with possession of a firearm after prior conviction of a felony, in violation of 18 U.S.C. § 922(g). At trial, Mason stipulated that he had previously been convicted of a felony and that the firearm he was charged with possessing had been transported in interstate commerce.

At the close of evidence, the judge instructed the jury that to sustain its burden of proof, the government was required to prove: (1) the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant knowingly possessed the firearm described in the indictment; and (3) the possession was in or affecting interstate or foreign commerce. In addition, the court instructed the jury as follows:

> The parties stipulate that the first and third elements have been met, that is, that the defendant has previously been convicted of a crime punishable by imprisonment for a term exceeding one year and that the possession of the firearm was in or affecting commerce. Therefore, the government need not offer proof as to these elements, and you should consider them proven by the government.

- 2 -

Defendant did not object to the jury instructions at trial. The jury returned a verdict of guilty and Mason was sentenced to seventy-eight months imprisonment, to be followed by three years supervised release.

Notwithstanding his stipulations, Mason on appeal argues that the district court erred by instructing the jury that the first and third elements of the crime with which he was charged had been proved. He contends that the district court improperly invaded the province of the jury by removing the stipulated elements from the jury's consideration.

Because no objection was raised at the time of trial, this court reviews the district court's instructions to the jury only for plain error. *United States v. Kennedy*, 64 F.3d 1465, 1478 (10th Cir. 1995). Rule 52(b) of the Federal Rules of Criminal Procedure, which governs an appeal from criminal proceedings, provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Because the court finds no error in the trial court's instructions to the jury, the court need not determine whether the claimed error was plain or affected substantial rights. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

The defendant relies upon the Sixth Circuit's decision in *United States v. Jones*, 65 F.3d 520 (6th Cir. 1995), *vacated and reh'g en banc granted*, 73 F.3d 616 (6th Cir.

1996),[1] to support his argument that the district court improperly invaded the province of the jury by removing the stipulated elements from the jury's consideration. In *Jones*, the Sixth Circuit held that it is plain error for a trial court to instruct a jury that an essential element of a crime has been established when the defendant has stipulated to the facts which prove that element. *Id.* at 522-23. The defendant in *Jones*, like the defendant in this case, had been charged with possession of a firearm after prior conviction of a felony and had stipulated that he was a convicted felon. *Id.* at 521. The court, relying on general language from court of appeals and Supreme Court precedent, declared that "stipulated evidence remains evidence for the *jury's* consideration," and that a trial judge "override[s] or interfere[s] with the jurors' independent judgment" when it instructs the jury that an element of the crime has been established, notwithstanding the defendant's stipulation to that element. *Id.* at 522. (emphasis in original) (citation and internal quotation marks omitted).

As the dissent in *Jones* indicates, however, none of the cases cited by the *Jones* majority involved a stipulation to an element of the crime. *Id.* at 524-25 (Matia, J., dissenting). Rather, in each of the cases upon which the *Jones* majority relies, the trial

---

[1]Although the panel's *Jones* opinion is no longer binding precedent in the Sixth Circuit or persuasive authority in the instant case, this court addresses *Jones* both because the defendant relied upon it and because its reasoning, left unanswered, threatens to mislead the trial courts.

court removed the consideration of an issue from the jury based on the strength or singularity of the government's evidence. *See, e.g.*, *United States v. Mentz*, 840 F.2d 315 (6th Cir. 1988). By relying on such cases, the *Jones* majority fails to distinguish between evidence and facts.

When the only evidence tends to establish an elemental fact, or when the parties stipulate to evidence tending to establish an elemental fact, the jury must still resolve the existence or nonexistence of the fact sought to be proved. In contrast, the jury need not resolve the existence of an element when the parties have stipulated to the facts which establish that element. In the latter circumstance, the judge has not removed the consideration of an issue from the jury; the parties have. More specifically, by stipulating to elemental facts, a defendant waives his right to a jury trial on that element. If such a partial waiver runs afoul of the Sixth Amendment, then traditional, wholesale waivers manifest in bench trials and guilty pleas must necessarily violate the right to a jury trial.[2]

---

[2]The dissent relies on this court's dicta in *United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1995), for the proposition that a stipulation to a prior felony conviction in a § 922(g) prosecution does not "seek to preclude the jury from deciding the prior conviction element of the crime." *Id*. at 1473. In *Wacker*, the court distinguished between those § 922(g) cases in which the defendant stipulates to a prior felony conviction in an attempt to hide his felony status from the jury and those cases in which the defendant seeks only to avoid the prejudice that would result from the presentation of evidence of the nature and number of his prior felony convictions. The *Wacker* court's recognition that the prosecution may not reject a defendant's offer to stipulate when the defendant's sole purpose is to avoid prejudice is in no way inconsistent with our holding that a defendant, by stipulating to elemental facts, waives his right to a jury trial on that element.

In addition to *Wacker*, the dissent relies on this court's decisions in *Johnson v. Cowley*, 40 F.3d 341 (10th Cir. 1994), and *United States v. Benally*, 756 F.2d 773 (10th

By holding that a defendant may not waive the right to a jury trial on a particular element by stipulating to the facts that prove that element, the *Jones* decision deprives defendants like Mason of the strategic benefit of a sterile stipulation in lieu of stark evidence of both the number and character of prior felony convictions. *See Jones*, 65 F.3d at 526 (Matia, J., dissenting). If the jury is allowed to ignore facts that have been proved by stipulation, prosecutors will have little incentive to enter stipulations. Instead, "the government will be forced to introduce into evidence every previous felony conviction a defendant has, lest the jury choose to 'disbelieve' either a stipulation or any one such conviction the government might select." *Id.* (Matia, J., dissenting). In this case, if Mason had not stipulated to a prior felony conviction, the prosecution likely would have sought to introduce evidence[3] of his multiple felony convictions, including his conviction for assault with a deadly weapon. This result would have been far more prejudicial to Mason than the following antiseptic stipulation: "It is hereby stipulated and agreed between the parties that the defendant, Robert Lee Mason, had been previously

---

Cir. 1985), for the proposition that a stipulation to an element is not a waiver of a jury trial on that element. The dissent's reliance on these decisions is misplaced. *Cowley* holds that a trial court is not required to engage in an independent inquiry to ensure that a stipulation to an element is knowing and voluntary. 40 F.3d at 346. *Benally*, which the dissent concedes is distinguishable, merely holds that it is reversible error for a trial court to instruct the jury that an element has been proved where the defendant has stipulated to the *testimony* a witness would have given if called. 756 F.2d at 778. Neither case addresses the issue of whether a stipulation to an element constitutes a waiver of a jury determination on that element.

[3]Generally, the government supplies such proof by means of a certified copy of the judgment which expressly reflects the nature of the crime.

convicted in a court of a crime punishable by imprisonment for a term exceeding one year."

Perhaps the most disturbing aspect of *Jones* is its underlying premise: jury nullification.[4]   While we recognize that a jury in a criminal case has the practical power to render a verdict at odds with the evidence or the law, a jury does not have the lawful power to reject stipulated facts.  Such a power, if exercised, would conflict with the jurors' sworn duty to apply the law to the facts, regardless of outcome.  *See United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983).

In addition to relying on *Jones*, Mason argues that the Supreme Court's decision in *United States v. Gaudin*, 115 S. Ct. 2310 (1995), mandates a finding of plain error in this case.  We disagree.  In *Gaudin*, a criminal prosecution for making false statements in a matter within the jurisdiction of a federal agency, the Court held that the Sixth Amendment required the trial judge to submit the question of the materiality of the defendant's allegedly false statements to the jury.  *Id*. at 2320.  The defendant had not stipulated to the materiality of his statements.  *Gaudin* holds that "[t]he Constitution gives

_____

[4]The view that juries may disregard the parties' stipulations based on jury nullification is explicit in the *Jones* concurrence:  "[J]uries, in the exercise of their *power of nullification*, are free to ignore or reject facts that are 'proved'; whether proved by the introduction of evidence or by stipulation."  *Jones*, 65 F.3d at 524 (Ryan, J., concurring) (emphasis added).

- 7 -

a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged." *Id.* at 2314. Our holding simply reaffirms that a defendant may waive this right to a jury determination on a particular issue when it is in his interest to do so. Because the district court's instructions to the jury were consistent with Mason's right to a jury determination of every element of his crime and his decision to waive that right, this court finds no error.[5]

The judgment of conviction is **AFFIRMED.**

---

[5]We note that our holding is consistent with the panel's decision in *United States v. Sherman*, 576 F.2d 292 (10th Cir.), *cert. denied sub nom. Cerase v. United States*, 439 U.S. 913 (1978), and with the decisions of other circuits holding, without analysis, that it is not error for a trial court to instruct a jury that an essential element of a crime has been established when the defendant has stipulated to the facts establishing the element. *See United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976) (per curiam); *United States v. Sims*, 529 F.2d 10, 11 (8th Cir. 1976) (per curiam).

No. 95-5118, United States v. Mason

McKAY, Circuit Judge, dissenting:

As I see it, the issue in this case is whether the court violates a defendant's right to trial by jury when it directs a jury that it must accept stipulated facts as proven. Apparently, the majority believes that no error occurred because the Defendant waived his right to a jury trial as to those facts which he stipulated. Because this position is contrary to clear circuit precedent, I dissent.

I believe the majority's erroneous analysis begins with its failure to understand the nature and intent of Defendant's stipulation. In another case in which a defendant offered to stipulate that he had a prior conviction, we explained the true nature of such a stipulation:

> [Defendant]'s proposed stipulation did not attempt to keep from the jury the fact that he was a convicted felon, **nor did it seek to preclude the jury from deciding the prior conviction element of the crime**. Rather, the stipulation sought only to limit the prejudice that would result from the jury being informed that [Defendant] had been convicted of murder and possession with intent to distribute marijuana.

United States v. Wacker, 72 F.3d 1453, 1473 (10th Cir. 1995) (emphasis added). Here, Defendant's similar confession was made for the same purpose: he did not seek to preclude the jury from deciding an element of the crime; rather, his purpose was to limit the prejudicial effect of his prior conviction. The government's proffer of the stipulation itself supports this conclusion:

[Prosecutor]: Your Honor, the government has no further witnesses. However, we do have a stipulation that has been entered into between counsel and myself, and I'd ask the Court's permission to read that into the record at this time.

. . . .

Ladies and gentlemen, the following stipulation has been entered into between the government as plaintiff and Robert Lee Mason as defendant . . . .

R., Vol. III, at 34-35. This excerpt clearly shows that the stipulation was not a plea by Defendant, and it was not an offer to the judge to decide an issue as a matter of law. Rather, the stipulation was merely an agreement between the parties (not between the parties and the court) and was presented to the jury for its consideration. The trial court instructed the jury, however, that "the parties stipulated that the first and third elements have been met" and that "the government need not offer proof as to these elements and you should consider them proven by the government." R., Vol. III, at 70. This instruction missed the point that the stipulation was itself an offer of proof and not some form of plea to the first and third elements of the crime. As this circuit has stated before, "we cannot conclude a stipulation to the fact of a prior valid conviction . . . is the functional equivalent of a guilty plea." Johnson v. Cowley, 40 F.3d 341, 346 (10th Cir. 1994). Given this analysis, I cannot concur that Defendant intended to waive his right to a jury trial on this issue.

- 2 -

In another case similar to this one, the parties stipulated that the alleged crime took place in Indian country. United States v. Benally, 756 F.2d 773, 778 (10th Cir. 1985). The judge gave the jury the following instruction: "Second: that the offense charged in the indictment took place in Indian country. This element has been stipulated to by the parties and you must accept it as being true . . . ." Id. (emphasis omitted). We held:

> The instruction that the jury must accept that the accident occurred in Indian country as true because it had been stipulated by the parties is reversible error. The jury was free to consider the stipulated testimony and the other evidence.

Id. We based this holding on the following reasoning:

> "[A] stipulation as to the testimony a witness would give if called, although it may constitute evidence of the facts covered, is not an admission of the truth of such testimony and does not prevent a party from attacking it as he might attack the testimony itself, had it been given."

Id. (quoting United States v. Spahn, 515 F.2d 579, 583 (10th Cir. 1975). Certainly Benally is distinguishable in that the defendant in this case, unlike in Benally, did not present evidence which contradicted his stipulation. This difference, however, does not undermine the position I hold. Rather, it underscores the fact that a stipulation in a criminal case is not a waiver of the right to have a jury decide a particular element of a crime. As we have said before, a prior conviction is merely "an evidentiary fact to which a defendant can stipulate like any other fact." Johnson v. Cowley, 40 F.3d 341, 346 (10th Cir. 1994). In this sense, a stipulation is no different than the presentation of uncontested testimony. Even with uncontested testimony, the defendant retains the right to have the

jury, rather than the court, decide every element of the crime. The Supreme Court recognized this when it stated that a judge may not "direct a verdict for the State, no matter how overwhelming the evidence." Sullivan v. Louisiana, 508 U.S. 275, 277 (1993). Thus, the court erred when it removed certain elements of the crime from the jury's consideration by instructing the jury that it must consider the stipulated evidence as proven.

Finally, I think it is necessary to point out that my conclusion in this case would not create a disincentive for prosecutors to agree to stipulations. Stipulations will still save prosecutors time and money in the presentation of their cases. Additionally, I believe juries will continue to accept stipulations as sufficient proof even if the judge does not instruct them to accept stipulated facts as proven.

Given that an error occurred but no objection was made, the issue remains whether that error was plain and whether substantial rights were affected. See United States v. Olano, 507 U.S. 725, 732 (1993). Because of the precedent cited above, I believe the error was indeed plain. In answering the question whether substantial rights were affected, however, it will be helpful to look to the Supreme Court's harmless error

jurisprudence.[6] Although most constitutional errors are subject to harmless-error analysis, an error which constitutes a "structural defect affecting the framework within which the trial proceeds" is not subject to harmless-error analysis and automatically requires reversal. Arizona v. Fulminante, 499 U.S. 279, 308-10 (1991); see also Sullivan v. Louisiana, 508 U.S. 275, 281 (1993). In Sullivan v. Louisiana, the Supreme Court recently held that petitioner's right to a jury trial was violated when the trial court gave an improper instruction defining "reasonable doubt." Id. at 277-78. The Court further held that this violation of the right to a jury trial was the type of structural defect which required automatic reversal. Id. at 281. It also based its reasoning on the fact that harmless-error analysis can only take place where the jury has actually made factual findings. Because the trial court's reasonable doubt instruction vitiated the jury's findings, no meaningful harmless-error analysis could take place. Id. at 280-81; see also id. at 283 (Rehnquist, J., concurring). At the heart of the Court's analysis was the concern that the judge, rather than the jury, would be making the requisite findings of guilt in direct violation of the right to a jury trial. Id. at 277, 278, 280, 281.

Thus, the case at hand is similar to Sullivan to the extent that the jury did not make findings on two elements of the crime because the judge instructed the jury that it must

---

[6]In doing so, I remain mindful of the fact that the defendant bears the burden of proof in plain-error analysis, but the government bears the burden of persuasion in harmless-error analysis. See Olano, 507 U.S. at 734.

consider those elements as proven.  Under the <u>Sullivan</u> analysis, the constitutional error in this case would require automatic reversal because the judge in effect usurped the jury's role in making the necessary findings of fact.  Given the result that would occur under harmless error analysis, I conclude that Defendant's substantial rights were affected.  The constitutional error which occurred constituted a structural defect in the trial itself, an error so serious that reversal is warranted.  Thus, I believe Defendant's conviction should be reversed and his case remanded for a new trial.