**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
—————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JIMMY T. DAVIS,

    Defendant-Appellant.

No. 97-3322
(D. Kan.)
(D.Ct. No. 96-CR-10071-02-WEB)

—————————————

**ORDER AND JUDGMENT**[*]

Before **PORFILIO, BRORBY**, and **MURPHY**, Circuit Judges.

    Mr. Davis appeals his conviction for bank robbery, use of a firearm during

the commission of that bank robbery, and possession of a firearm after a prior

felony conviction. He asserts (1) the district court erred in admitting highly

suggestive and unreliable pre-trial identification evidence; (2) the district court

erred in denying his motion to dismiss the robbery and use of a firearm during a

robbery counts on double-jeopardy grounds; (3) there was insufficient evidence to

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

sustain the jury's verdict; (4) the district court erroneously instructed the jury an element of count four – that Mr. Davis previously had been convicted of a felony – was deemed proven by a stipulation of the parties; and (5) the district court erroneously determined Mr. Davis was competent at the time of trial and sentencing. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

## BACKGROUND

The facts surrounding Mr. Davis' conviction are fully set forth in this court's opinion affirming Mr. Davis' co-defendant's conviction and sentence. *See United States v. Haslip*, 160 F.3d 649 (10th Cir. 1998). Thus, for purposes of this order and judgment, we provide only a brief factual summary.

Mr. Davis was one of two men who eye witnesses identified as having robbed the Fall River State Bank in Fall River, Kansas, on the morning of October 17, 1996. Mr. Davis entered the bank, approached Alicia Ashenfelter, the teller stationed closest to the front door, and requested two rolls of dimes. A second man, Mr. Steven Haslip, approached tellers Peggy Anderson and Christine Burt at the next teller window. As Ms. Ashenfelter turned to Ms. Anderson to request two rolls of dimes, she noticed Mr. Haslip was pointing a gun at Ms. Anderson and instructing her to "give [him] all of the money." Mr. Davis then

instructed Ms. Ashenfelter to place all the money from her teller station into a blue plastic bag. Prior to leaving, the two men locked the three tellers in the bank vault.

Law enforcement officers apprehended Mr. Davis later that day, after a Highway Patrol trooper and K-9 unit found him hiding in trees and bushes near a vehicle officers previously observed turning around to avoid a roadblock placed at a main junction outside Fall River. Police found a blue plastic bag containing two loaded guns, and a white plastic bag containing all but $1,000 of the money stolen from the Fall River State Bank, in the trunk of that vehicle. Mr. Haslip had been arrested a few hours before, after officers found him lying along a fence row in the same vicinity.

The government tried Mr. Davis and Mr. Haslip together, on a superseding indictment charging each with (1) bank robbery in violation of 18 U.S.C. § 2113(a), (2) using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1), and (3) possession of a firearm after being previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The jury returned a verdict of guilty as charged on both defendants.

After trial and prior to sentencing, defense counsel requested a determination of Mr. Davis' competency to stand trial and to proceed to sentencing. This request stemmed from counsel's discovery, just one week prior to trial in this case, that Mr. Davis had been found incompetent to stand trial in 1993 and 1995, on unrelated charges. In response to defense counsel's request, the district court ordered psychiatric examinations and heard testimony from psychologists for both parties. Mr. Davis presented the testimony of Dr. Marc Quillen, who opined that an injury Mr. Davis suffered in a car accident in 1993 so affected his memory that he could not assist in the preparation of his defense, and therefore, was incompetent to stand trial. The Government presented the testimony of Dr. Scott Duncan, a Bureau of Prisons psychologist, who concluded Mr. Davis was competent to stand trial and to proceed to sentencing. After hearing this testimony, the district court found Mr. Davis to be competent, denied his motion for new trial, and sentenced him to 322 months imprisonment.

DISCUSSION

Identification Evidence

Mr. Davis asserts his due process rights were violated by the admission of testimony concerning a pre-trial show-up identification by Ms. Ashenfelter when FBI agents brought him to the front door of the bank shortly after his arrest, and

-4-

after Ms. Ashenfelter and the other tellers had an opportunity to hear pre-arrest events unfold on a police radio. The constitutionality of pre-trial identification procedures is a mixed question of law and fact we review de novo. *Archuleta v. Kerby*, 864 F.2d 709, 710-11 (10th Cir.), *cert. denied*, 490 U.S. 1084 (1989).

As the district court correctly noted, we first determine whether the identification procedure used was unnecessarily suggestive. If the procedure was unnecessarily suggestive, we then weigh the corrupting influence of the procedure against the reliability of the identification itself. *Id.; Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). In evaluating reliability, we apply the following factors: the witness' opportunity to view the criminal at the time of the crime; the witness' degree of attention; the accuracy of the witness' prior description; the witness' level of certainty at the time of the confrontation; and the length of time between the crime and the confrontation. *United States v. Smith*, 156 F.3d 1046, 1051 (10th Cir. 1998) (citing *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)), *cert. denied*, ___ S. Ct. ___, 1999 WL 8729 (U.S. Jan. 11, 1999) (No. 98-7100). A defendant's due process rights are violated only if the identification procedure is so unnecessarily suggestive as to be "conducive to irreparable mistaken identification." *Kirby v. Illinois*, 406 U.S. 682, 691 (1972).

Mr. Davis' claim fails to meet this standard. Although we agree with Mr. Davis that the one-person "show-up" on the day of the robbery was suggestive, the record nevertheless reflects ample indicia of reliability to outweigh the suggestiveness of that initial identification procedure. Ms. Ashenfelter clearly had a good opportunity to view Mr. Davis during the course of the robbery. Mr. Davis stood directly in front of Ms. Ashenfelter while she placed money into the bag he provided. There is no evidence Ms. Ashenfelter's attention was distracted during this time. To the contrary, she recalled a number of descriptive details concerning the robbery and the two suspects. Indeed, after being ordered into the bank vault, Ms. Ashenfelter and the other two tellers prepared a description of both Mr. Davis and Mr. Haslip. Although Mr. Davis attacks the accuracy of the witness' descriptions, we do not find the discrepancies to be significant, particularly in light of the certainty with which Ms. Ashenfelter positively identified Mr. Davis just hours after the crime. Under these circumstances, we believe Ms. Ashenfelter's identification of Mr. Davis as one of the robbers was reliable. *See Archuleta*, 864 F.2d at 711-12. Furthermore, we agree with the district court that the photo line-up conducted the day following the robbery was not unnecessarily suggestive. Accordingly, we hold the admission of identification evidence did not deprive Mr. Davis of due process.

Double Jeopardy

Mr. Davis argues his convictions for bank robbery and using or carrying a firearm during the bank robbery violate the double-jeopardy clause. He concedes this court's decisions in *United States v. Overstreet*, 40 F.3d 1090 (10th Cir. 1994), *cert. denied*, 514 U.S. 1113 (1995), and *United States v. Lanzi*, 933 F.2d 824 (10th Cir. 1991), hold to the contrary, but asserts that the reasoning in those decisions is flawed and seeks to preserve the issue for further review on a petition for certiorari to the Supreme Court.

The resolution of this issue in *Overstreet* and *Lanzi* controls absent *en banc* reconsideration or a superseding contrary decision by the Supreme Court. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993), *cert. denied*, 513 U.S. 1033 (1994). We therefore affirm the district court's denial of Mr. Davis' motion to dismiss on double-jeopardy grounds.

Sufficiency of Evidence

Mr. Davis challenges the sufficiency of the government's evidence to support both the robbery and firearms convictions. We reverse a conviction for insufficient evidence "only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v.*

*Wacker*, 72 F.3d 1453, 1462-63 (10th Cir. 1995). When evaluating the record, we view the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government. *See United States v. Wolny*, 133 F.3d 758, 760 (10th Cir. 1998). We "may neither weigh conflicting evidence nor consider the credibility of witnesses." *United States v. Pappert*, 112 F.3d 1073, 1077 (10th Cir. 1997) (internal quotation marks and citation omitted).

As we discussed in *Haslip*, the evidence in this case established that two bank tellers who were present when the Fall River Bank was robbed described the robbery in detail and positively identified Mr. Haslip and Mr. Davis as the robbers. Like Mr. Haslip, Mr. Davis had full opportunity to cross-examine these witnesses as to the certainty of their identification. Mr. Davis does not contest the fact he was arrested after being found hiding in trees and bushes near the place where law enforcement found a car that had fled from a roadblock. Police retrieved the plastic bags used in the robbery, the bank's bait money, and two loaded handguns from that same car. Viewing this evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government, we conclude a rational jury could have found Mr. Davis robbed the Fall River Bank in violation of 18 U.S.C. § 2113(a). Accordingly, we hold the evidence was sufficient to support Mr. Davis' robbery conviction.

We further hold the evidence was sufficient to support Mr. Davis' felon in possession of a firearm conviction. Mr. Davis correctly asserts there is no direct evidence which places a gun in his hands. He further asserts the government failed to prove constructive possession because it showed no evidence of any connection between him and the guns seized from the vehicle found near where he was hiding prior to his arrest. We agree that in order to prove constructive possession when there is joint occupancy of a vehicle, the government must present direct or circumstantial evidence to show some connection or nexus individually linking the defendant to the contraband. *See United States v. Mills*, 29 F.3d 545, 549 (10th Cir. 1994). There must be some evidence to support at least a plausible inference the defendant had knowledge of and access to the weapon. *Id*. at 549-50. We disagree, however, with Mr. Davis' assessment of the evidence, and conclude the record here supports such an inference.

The record establishes that Ms. Ashenfelter identified Mr. Haslip as the bank robber who brandished a gun and demanded money from Ms. Anderson's station. She identified Mr. Davis as the man who demanded money from her teller's station and instructed her to put the money in a blue plastic bag he was carrying. Both men then acted in concert to lock the tellers in the bank vault.

A short time later, law enforcement officers observed a Ford Probe with two people inside abruptly turn to avoid a roadblock. Officers later found Mr. Davis hiding near the abandoned Ford. They seized a blue plastic bag containing a loaded Smith and Wesson Silver 9mm and a loaded Dan Wesson .357 magnum revolver from the trunk of that same car. They also found a white plastic bag containing most of the bank's bait money. A jury could reasonably infer from this evidence that Mr. Davis was not only aware of the guns, but also had possession of, or at least a right of physical access to, the guns found in the bag he had carried in the bank. Accordingly, we uphold the firearm conviction.

Jury Instruction Regarding Stipulated Element

Mr. Davis claims the district court committed reversible error by instructing the jury that the parties' stipulation that Mr. Davis previously had been convicted of a felony sufficed to prove the first essential element of the offenses in counts 3 and 4 of the indictment beyond a reasonable doubt, without any further evidence.[1]

---

[1] The challenged instruction states:

Similarly, with respect to count 4 of the indictment, the defendant Jimmy Davis and the government have stipulated to the fact that prior to October 17, 1996, Jimmy Davis had been convicted of a crime punishable by imprisonment for a term exceeding one year. In view of these stipulations, you should find that the first essential element of the offenses in counts 3 and 4 has been proven beyond a reasonable doubt without any further evidence on the subject.

-10-

Notwithstanding his stipulation, Mr. Davis now challenges the instruction, claiming the "Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged." *United States v. Gaudin*, 515 U.S. 506, 511 (1995). As is evident from our holding in *United States v. Mason*, 85 F.3d 471, 472-74 (10th Cir. 1996), Mr. Davis' reliance on *Gaudin* is misplaced. This panel agrees with and is bound by the holding in *Mason*. *In re Smith*, 10 F.3d at 724. The challenged jury instruction was consistent with Mr. Davis' right to a jury determination on every element of his crime and his decision to waive that right by stipulation. *See Mason*, 85 F.3d at 472-74.

Competency Determination

Finally, defense counsel argues Mr. Davis is incompetent, and thus was tried and sentenced in violation of his Fifth Amendment due process rights. In support of this claim, counsel relies heavily on the fact Mr. Davis twice was deemed incompetent to stand trial in unrelated proceedings. Those prior determinations, as well as the present allegation of incompetency, are related to documented organic brain damage, including information processing deficits and memory limitations, which resulted from head injuries Mr. Davis suffered in a 1993 automobile accident.

Defense counsel does not dispute that the district court applied the correct legal test to determine competency – "'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him.'" *United States v. Williams*, 113 F.3d 1155, 1159 (10th Cir. 1997) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)); *see also* 18 U.S.C. § 4241(d). Nor is there any dispute as to the evidence relevant to the court's competency determination. *See Castro v. Ward*, 138 F.3d 810, 818 (10th Cir.) ("'evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required'" (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975))), *cert. denied*, 119 S. Ct. 422 (1998). Rather, counsel challenges the district court's finding, based on all the evidence presented, that Mr. Davis was indeed competent. Because the actual competency determination is a factual issue, *Maggio v. Fulford*, 462 U.S. 111, 116-17 (1983), we will set aside the district court's competency determination only upon a showing that determination was clearly erroneous. *See United States v. Thody*, 978 F.2d 625, 629 (10th Cir. 1992), *cert. denied*, 513 U.S. 907 (1994); *United States v. Franzen*, 842 F.2d 189, 192 (7th Cir. 1988); *cf. Lafferty v. Cook*, 949 F.2d 1546, 1550 (10th Cir. 1991) ("competence is a factual issue, ... [t]he content of the standard of

-12-

competency is ... a question of law which we review de novo"), *cert. denied*, 504 U.S. 911 (1992).

The district court recognized the law does not favor retrospective competency decisions, but appropriately concluded that such a determination was possible in this case and conducted an evidentiary hearing toward that end. Together with his own observations of Mr. Davis, the district court judge considered the testimony and reports of two psychologists who examined Mr. Davis after trial, but prior to the hearing, and the two prior competency evaluations. The court's order determining Mr. Davis was competent carefully analyzed the conflicting evidence and provided reasons for giving greater credence to the evidence supporting its finding that Mr. Davis was fit to stand trial. Our careful review of the record reveals no clear error in that finding.

Defense counsel cites *Sena v. New Mexico State Prison*, 109 F.3d 652, 655 (10th Cir. 1997), for the proposition that his prior competency adjudications gave rise to a rebuttable presumption of incompetence in this case. We agree that prior adjudications of incompetency constitute relevant evidence which warrants careful consideration; however, we need not go so far as to extend *Sena* to create a rebuttable presumption of incompetency in all cases in which there have been

prior incompetency determinations. This record contains ample evidence to support the district court's competency finding regardless of whether we begin by presuming Mr. Davis was competent or incompetent.

Additionally, while we acknowledge that cognitive limitations related to memory could affect competency, we note this court previously has rejected the argument that memory loss or amnesia creates a per se deprivation of due process. *United States v. Borum*, 464 F.2d 896, 900 (10th Cir. 1972). Instead, we should evaluate such claims on a case-by-case basis, giving particular attention to the following factors: (1) defendant's ability to testify and otherwise participate in his defense; (2) the permanency of the memory loss; (3) whether the crime and defendant's whereabouts, including any facts giving rise to a defense, can be accurately reconstructed without the defendant's testimony; (4) whether access to government files would aid in preparing for trial; and (5) the strength of the government's case against the defendant. *United States v. Rinchack*, 820 F.2d 1557, 1569 (11th Cir. 1987); *Wilson v. United States*, 391 F.2d 460, 463-64 (D.C. Cir. 1968); accord *Borum*, 464 F.2d at 900. The district court properly concluded these factors weigh against finding Mr. Davis incompetent.

For all the foregoing reasons, Mr. Davis' conviction and sentence are

**AFFIRMED**.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge