

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-3-1997

# United States v. Cornish

Precedential or Non-Precedential:

Docket 95-2086,95-2101

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"United States v. Cornish" (1997). *1997 Decisions.* Paper 2.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/2

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 95-2086 & 95-2101
_____


UNITED STATES OF AMERICA

v.

ANTHONY CORNISH,
a/k/a JERJUAN MITCHALL

                    United States of America,
                         Appellant at No. 95-2086

                    Anthony Cornish,
                         Appellant at No. 95-2101

_____


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 94-cr-00378)
_____


Argued
June 12, 1996
BEFORE:  SCIRICA and ROTH, <u>Circuit</u> <u>Judges</u>,
and RESTANI, <u>Judge</u>, Court of International Trade.[*]

(Filed   January 3, l997)
_____


Michael R. Stiles
United States Attorney
Walter S. Batty, Jr.
Assistant United States Attorney
Clement J. McGovern, III (Argued)
Special Assistant United States Attorney
615 Chestnut Street, Room 1250
Philadelphia, PA 19106

    COUNSEL FOR APPELLANT/CROSS-APPELLEE

_____

     [*]   Honorable Jane A. Restani, Judge, United States Court
of International Trade, sitting by designation.


1

Maureen Kearney Rowley
Chief Federal Defender
Elaine DeMasse
Senior Appellate Counsel
Robert Epstein (Argued)
Assistant Federal Defender
437 Chestnut Street, Suite 800
Lafayette Building
Philadelphia, PA 19106

     COUNSEL FOR APPELLEE/CROSS-APPELLANT

_____

OPINION OF THE COURT
_____

RESTANI, <u>Judge</u>.

     This action is before the court on appeal by the United States and cross-appeal by defendant Anthony Cornish a/k/a Jerjuan Mitchall ("Cornish").  The government contests the district court's determination that Cornish's prior third degree robbery conviction is not a "violent felony" for sentence enhancement purposes, while Cornish challenges the district court's jury instructions with regard to the stipulated fact of Cornish's prior felony conviction.  We find no error in the district court's jury instructions, but find that the district court did err in failing to apply the enhanced penalties provided by 18 U.S.C. § 924(e) and USSG § 4B1.4 and remand for resentencing.

BACKGROUND

     On April 16, 1994, two police officers were on routine patrol in a marked police vehicle when they observed a car being operated in a reckless manner.  (Supp. App. 50a-52a)  The officers attempted to stop the vehicle, but the vehicle reversed

2

its direction and fled.  They pursued the vehicle, using their lights and sirens in an attempt to stop the vehicle.  (Supp. App. 53a)  While fleeing the police, the driver of the vehicle, later identified as Cornish, threw a gun out of the driver's side window, jumped out of the vehicle, and fled on foot.  (Supp. App. 54a)  The vehicle continued forward a short distance and came to rest after hitting a fence.  (Supp. App. 54a)  One officer recovered the weapon, a .38 caliber Colt handgun, while two others apprehended Cornish several blocks away as he attempted to climb over a fence.  (Supp. App. 54a–55a, 187a)

On September 21, 1994, Cornish was indicted by a federal grand jury on a single count of possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g) (1994).[1] Following a jury trial, Cornish was found guilty on February 15, 1995.  At the sentencing hearing, the district court held that Cornish's prior conviction for third degree robbery is not a "violent felony" pursuant to 18 U.S.C. § 924(e) (1994)[2] and U.S.

_____

[1]  18 U.S.C. § 922(g) provides in relevant part, "[i]t shall be unlawful for any person-- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition . . . ."

[2]  18 U.S.C. § 924(e)(1) provides in relevant part that:

  In the case of a person who violates [18 U.S.C. § 922(g)] and has three previous convictions by any court referred to in [18 U.S.C. § 922(g)(1)] for a violent felony . . . committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under [18 U.S.C. § 922(g)].

3

Sentencing Guidelines Manual ("USSG") § 4B1.4 (1995).  On November 16, 1995, Cornish was sentenced to 108 months incarceration, five years supervised release, and a $50 special assessment.

STANDARD OF REVIEW

As Cornish did not object to the district court's jury instructions below, our review is limited to plain error under Fed. R. Crim. P. 52(b).  See United States v. Retos, 25 F.3d 1220, 1228-29 (3d Cir. 1994).  We have plenary review over the district court's interpretation and application of the sentencing guidelines to the facts found.  See United States v. Collado, 975 F.2d 985, 990 (3d Cir. 1992).

DISCUSSION
I.

Cornish claims that the district court violated his constitutional rights protected by the Fifth and Sixth Amendments to United States Constitution when it instructed the jury to "accept" the stipulated fact of his prior felony conviction.  By so instructing the jury, Cornish argues that the court improperly removed that element of the crime from the jury's consideration.

The Fifth Amendment guarantees that no one will be deprived of liberty "without due process of law," and the Sixth Amendment ensures that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury."  U.S. Const. amend. V & VI.  The Supreme Court has held that, "these provisions require criminal convictions to rest upon

4

a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." United States v. Gaudin, 115 S. Ct. 2310, 2313 (1995). A necessary corollary to this rule is that, "a trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict, regardless of how overwhelmingly the evidence may point in that direction." United States v. Martin Linen Supply Co., 430 U.S. 564, 572-73 (1977) (citations omitted).

Prior to trial, the parties entered into two stipulations. The first stipulation provided that, if called to testify, an agent from the Bureau of Alcohol, Tobacco & Firearms would state that the firearm in question was shipped or transported in interstate commerce. (Supp. App. 187a-88a) The second stipulation provided that Cornish was previously convicted of a crime punishable by imprisonment for a term exceeding one year. (Supp. App. 188a) These stipulations were formally introduced into evidence at the close of the government's case. (Supp. App. 189a)

Prior to jury deliberations, the district court instructed the jury as follows:
  The Government is required to prove beyond a reasonable
    doubt every essential element . . . of a crime charged
    in order to justify a verdict of guilty.
. . . The three essential elements or necessary parts of
    this criminal charge or offense are as follows: First,
    at the time of the offense, defendant had previously
    been convicted of a crime punishable by imprisonment of
    more than a year. And here it's agreed that on April
    16th, 1994, defendant had been previously convicted of
    such a crime. . . .
  The second element is that the defendant knowingly
    possessed a firearm or gun, and the third is that

5

> interstate or foreign commerce was affected to some
> degree . . . . (Supp. App. 304-05a)

The district court also instructed the jury as to various types of evidence: "Evidence is the testimony of the witnesses, the exhibits received into evidence, and also as you know certain facts were agreed to by stipulation and are therefore to be accepted by you without any evidence." (Supp. App. 308a) After a suggestion by defense counsel, the court concluded its charge with:

> Of course, members of the jury, I gave you a choice of
> accepting either the Government's or the defendant's
> evidence, but I also instructed you that you can reject
> anybody's evidence. So you really have in that sense a
> third choice. You can accept or reject anyone's
> testimony, any of the evidence. (Supp. App. 312a)

Cornish contends that the district court committed reversible error when it effectively directed a verdict for the government on the prior felony conviction element of the § 922(g)(1) offense. Cornish relies on the reasoning in the Sixth Circuit's opinion in United States v. Mentz, 840 F.2d 315, 318 (6th Cir. 1988), in which the defendant was convicted of two counts of bank robbery. A security officer from each bank testified that the banks were federally insured. Id. The Sixth Circuit held that the district court's jury instruction that both banks were federally insured improperly directed a verdict in favor of the government on an essential element of the crime because the judge's conclusive statement left no room for the jury to believe otherwise. Id. at 320 & n.8. Cornish argues that in the present case, the district court similarly erred when it instructed the jury that it must "accept" the stipulated fact

6

of Cornish's prior felony conviction.

Cornish claims that because a jury has the power to reject a stipulation, the appropriate jury instruction regarding stipulations is to the effect that the jury <u>may</u>, but is not required to, accept the stipulation as evidence and consider that fact as proved.  Cornish cites the Devitt and Blackmar model charge which provides that:
>  When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.  You are not required to do so, however, since you are the sole judge of the facts.

Hon. Edward J. Devitt, Hon. Charles B. Blackmar, Michael A. Wolff, and Kevin F. O'Malley, <u>Federal Jury Practice and Instructions, Civil and Criminal</u>, § 12.03, at 333 (1992). Cornish argues that the district court's failure to similarly instruct the jury constituted a structural defect in his trial, requiring reversal, irrespective of the evidence or whether a contemporaneous objection was made.

The government counters that the district court's jury instruction did not amount to a directed verdict in favor of the government on an essential element of the crime as the district court never instructed the jury to not consider the prior felony conviction element.  The government contends that the court simply informed the jury of the three elements that required proof beyond a reasonable doubt and accurately stated that the parties had agreed to the existence of a prior felony conviction. The government distinguishes the Sixth Circuit's opinion in <u>Mentz</u> from the present case, in that <u>Mentz</u> did not involve a

7

stipulation by the parties to an element of the crime, but the district court's assessment of the sufficiency of the evidence presented on an element of the crime.

We note that Courts of Appeal for the Fourth and Tenth Circuit have recently addressed this issue in United States v. Muse, 83 F.3d 672 (4th Cir.), cert. denied, 117 S. Ct. 261 (1996), and United States v. Mason, 85 F.3d 471 (10th Cir. 1996).[3]  In Muse, the defendant was also prosecuted under 18 U.S.C. § 922(g)(1).  83 F.3d at 673-74.  Muse argued that the district court erroneously instructed the jury on the effect of certain stipulations, similar to the stipulations in the present case.  Id. at 677.  The Fourth Circuit found that, "[w]hile a valid stipulation relieves the prosecution of the burden of producing any other evidence in order to establish the fact stipulated, it does not relieve the prosecution from the burden of 'proving every element of the crime' beyond a reasonable doubt."  Id. at 679.  The court concluded that:

> In view of the special evidentiary character of a stipulation––more potent than an admission but less draconian than a "guilty plea"––and the power of the jury to "acquit for any reason," developing the proper language for a jury instruction regarding the effect of stipulations as to an element of a criminal offense requires a trial court to walk a careful line.  The government is entitled to have the court inform the jury of the powerful effect of a stipulation but a court cannot direct a verdict, even a partial verdict,

---

[3]  We also note that the Sixth Circuit Court of Appeal has considered this issue in United States v. Jones, 65 F.3d 520 (6th Cir.), vacated and reh'g en banc granted, 73 F.3d 616 (6th Cir. 1995).  Although the Sixth Circuit originally held that the district court's jury instruction with regard to the stipulation that Jones was a previously convicted felon constituted reversible error, the Sixth Circuit has not yet issued its opinion en banc.

against the defendant.

Id. at 680 (citation omitted).  While noting that no appellate case has set forth the proper language for a jury instruction in this situation, the court approvingly cited the model jury instructions for the Eighth and Ninth Circuits which both include language that, given a stipulation, the jury "should . . . treat [the stipulated] facts as having been proved."  Id.  The court then held that the district court's instruction to the jury that it must "consider" the elements and that it "should" find that the government established those elements through the stipulations was not erroneous.  Id.

The Tenth Circuit took a somewhat different approach. United States v. Mason, 85 F.3d 471 (10th Cir. 1996).  In Mason, the defendant was prosecuted under 18 U.S.C. § 922(g) and the parties stipulated to the prior felony conviction and interstate commerce elements of the crime.  Id. at 471-72.  On appeal, Mason argued that the district court improperly invaded the province of the jury by removing the stipulated elements from the jury's consideration, relying on the Sixth Circuit's opinion in United States v. Jones, 65 F.3d 520 (6th Cir. 1995).  85 F.3d at 472. Finding no error in the district court's jury instructions, the Tenth Circuit reasoned that:

> [T]he jury need not resolve the existence of an element when the parties have stipulated to the facts which establish that element. . . . [T]he judge has not removed the consideration of an issue from the jury; the parties have.  More specifically, by stipulating to elemental facts, a defendant waives his right to a jury trial on that element.

Id.  The Tenth Circuit also rejected what it deemed the

9

underlying premise in Jones--jury nullification. Id. at 473. The court reasoned that although a jury in a criminal case has the practical power to render a verdict at odds with the evidence or the law, a jury does not have the lawful power to reject stipulated facts because such a power, if exercised, would conflict with the jurors' sworn duty to apply the law to the facts, regardless of outcome. Id. (citing United States v. Trujillo, 714 F.2d 102, 105 (11th Cir. 1983)). In conclusion, the court stated that its holding "simply reaffirms that a defendant may waive this right to a jury determination on a particular issue when it is in his interest to do so." Id. at 474.

Although it is possible to waive constitutional rights, neither Supreme Court precedent nor the Federal Rules of Criminal Procedure provide clear guidance on how to accomplish properly a partial waiver of the right to trial by jury. We need not resolve that issue, however, in this case.[4]

As noted, Cornish did not object to the jury instruction at trial. Therefore, we review for plain error. United States v. Sokolow, 91 F.3d 396, 408 (3d Cir. 1996); Fed. R. Crim. P. 52(b).

The Supreme Court has defined plain error:
> There must be an "error" that is "plain" and that "affect[s] substantial rights." Moreover, Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the Court of Appeals, and the court

_____

[4] See Lyng v. Northwest Indian Cemetery Prot. Assn., 485 U.S. 439, 445-46 (1988) ("fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them"); United States v. Breyer, 41 F.3d 884, 892 (3d Cir. 1994) (same).

10

should not exercise that discretion unless the error "seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings.

United States v. Olano, 507 U.S. 725, 732 (1993) (quoting United States v. Young, 470 U.S. 1, 15 (1985)).  See also Henderson v. Kibbe, 431 U.S. 145, 154 (1977) ("It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.").

Here, there is no doubt that Cornish was convicted of robbery on three prior occasions.  These satisfy the prior conviction element of 18 U.S.C. § 922(g).  Nor is there any doubt that Cornish entered into the stipulation voluntarily.  Apparently Cornish agreed to the stipulation to shield the jury from hearing the factual background of his prior robbery convictions.  Under this set of circumstances, the district court's jury instruction could not have seriously affected the fairness, integrity or public reputation of the judicial proceedings.  Therefore, in exercising our discretion under Rule 52(b), we may affirm the district court.

We would reach the same conclusion were we to apply a harmless error standard because the district court's instruction did not affect the defendant's substantial rights and was harmless beyond a reasonable doubt.  Chapman v. California, 386 U.S. 18, 24 (1967); 28 U.S.C. § 2111; Fed. R. Crim. P. 52(a).

As noted by the Fourth Circuit in Muse, the model jury instructions in some circuits require the district court to instruct the jury that they "should" accept as proven the facts to which the parties have stipulated.  See, e.g., Manual of Model

11

<u>Criminal Jury Instructions for the District Courts of the Eighth</u> <u>Circuit</u> (1992) § 2.03 ("The government and the defendant[s] have stipulated -- that is, they have agreed -- that certain facts are as counsel have just stated.  You should therefore treat those facts as having been proved."); <u>Ninth Circuit Manual of Model</u> <u>Jury Instructions Criminal</u> (1995) § 2.04 ("The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.").  These formulations avoid the hazard, apparent or not, of directing a verdict on a factual issue and would be shielded from constitutional challenge.

II.

Prior to trial, the government filed a Notice of Defendant's Prior Convictions for Enhanced Sentencing Under Title 18, United States Code, Section 924(e) (Supp. App. 314a-15a) and attached certified copies of the defendant's prior convictions[5] contending

---

[5] The government submitted certified copies of Cornish's three prior robbery convictions to establish the following record of convictions:

1. On or about November 28, 1983, in Philadelphia Common Pleas Court, case #8306-2147, Cornish was convicted of second degree felony robbery charges and sentenced to a term of imprisonment.

2. On or about October 25, 1984, in Philadelphia Common Pleas Court, case #8312-2836, Cornish was convicted of third degree felony robbery charges and sentenced to a term of imprisonment.

3. On or about July 30, 1986, in Philadelphia Common Pleas Court, case #8505-0939, Cornish was convicted of second degree felony robbery charges and sentenced to a term of imprisonment.

(Supp. App. 314a-15a; App. 14a-21a)

that they constituted "violent felonies" as defined by 18 U.S.C. § 924(e)(2)(B).[6] Cornish filed objections to the Presentence Investigation Report challenging the United States Probation Office's conclusion that he was subject to an enhanced sentence pursuant to § 924(e). Cornish conceded that his convictions for robbery on November 28, 1983 and July 30, 1986 were "violent felonies" under § 924(e)(2)(B), but objected to the inclusion of his October 25, 1984 third degree robbery conviction as a "violent felony." (Supp. App. 317a-18a) In that instance, Cornish was convicted of robbery, a third degree felony pursuant to 18 Pa. Cons. Stat. Ann. § 3701(a)(1)(v) (West 1983).[7]

---

[6] 18 U.S.C. § 924(e)(2)(B) Code defines a "violent felony" as:

[A]ny crime punishable by imprisonment for a term exceeding one year, . . . that--

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

[7] The Pennsylvania robbery statute provides:

(a) Offense defined.--
  (1) A person is guilty of robbery if, in the course of committing a theft, he:
(i) inflicts serious bodily injury upon another;
(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
(iii) commits or threatens immediately to commit any felony of the first or second degree;
(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or
(v) physically takes or removes property from the person of another by force however slight.
  (2) An act shall be deemed "in the course of committing a

13

The district court did not consider Cornish's conviction for third degree robbery a "violent felony" pursuant to 18 U.S.C. § 924(e)(2)(B)(i) and thus, calculated Cornish's offense level as 23 with a criminal history category of IV, resulting in a sentencing range of 100 to 124 months and an actual sentence of 108 months incarceration. United States v. Cornish, No. 94-378, at 2 (E.D. Pa. Mar. 28, 1996). Had Cornish been classified as an armed career criminal pursuant to 18 U.S.C. § 924(e), his offense level would have been 33 with a resulting sentencing range of 235 to 293 months and subject to a 15 year mandatory minimum. Id.; see also USSG § 4B1.4(b)(3)(B). The government challenges the district court's ruling that Cornish's third degree felony robbery conviction was not a "violent felony" and failure to apply the enhanced penalties of § 924(e).

The Supreme Court has considered the meaning of a "burglary" as a "violent felony" under 18 U.S.C. § 924(e) in Taylor v. United States, 495 U.S. 575, 577 (1990). In Taylor, the Court was asked to determine whether a conviction for second-degree burglary under Missouri law was sufficient to qualify as a "violent felony." Id. at 578. The Court rejected the view of the court of appeals that Congress intended the meaning of "burglary" under § 924(e)(2)(B)(ii) to be dependent on the

theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.
(b) Grading.-- Robbery under subsection (a)(1)(iv) is a felony of the second degree; robbery under subsection (a)(1)(v) is a felony of the third degree; otherwise, it is a felony of the first degree.

18 Pa. Cons. Stat. Ann. § 3701.

14

definition adopted by the state of conviction.  Id. at 590.  Such a definition would lead to § 924(e)'s sentence enhancement to be applied inconsistently for the same conduct by defendants prosecuted in states that define burglary differently.  Id. at 590-91.  The Court found that:

[T]he only plausible interpretation of § 924(e)(2)(B)(ii) is that, like the rest of the enhancement statute, it generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense.  This categorical approach, however, may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary.

Id. at 602 (footnote omitted).  In conclusion, the Court held that, "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant."  Id.

This circuit has addressed the issue of what constitutes a "violent felony" pursuant to 18 U.S.C. § 924(e)(2)(B) in United States v. Preston, 910 F.2d 81 (3d Cir. 1990), cert. denied, 498 U.S. 1103 (1991).  In Preston, the court considered whether the defendant's prior conviction for criminal conspiracy to commit a robbery constituted a "violent felony" pursuant to 18 U.S.C. § 924(e).  Id. at 84.  The court approved of the use of a categorical approach to determine which prior convictions may be considered by a sentencing court under § 924(e).  Id. at 85.  The court noted that, "[w]hen necessary, a sentencing court may refer

15

to the relevant indictment or information papers and the jury instructions in the prior conviction along with the certified record of conviction, but the inquiry should not extend beyond these documents." Id. (citation omitted). In holding that the crime of conspiracy to commit robbery was a "violent felony" within the meaning of § 924(e)(2)(B)(i), the court noted that robbery is a "violent felony" for purposes of § 924(e). Id. at 86 (citing United States v. Palmer, 871 F.2d 1202, 1204 (3d Cir.) (federal attempted bank robbery conviction "clearly" is a "violent felony" under § 924(e)), cert. denied, 493 U.S. 890 (1989); United States v. Dickerson, 901 F.2d 579, 584 (7th Cir. 1990) (conviction under state robbery statute constitutes a per se violent felony for purposes of § 924(e)). Because the court found that the elements of criminal conspiracy to commit robbery subsume the elements of robbery, the court held that the use of threat or physical force was a part of McAllister's prior conviction for the crime of conspiracy to commit a robbery. Preston, 910 F.2d at 86-87.

The government further claims that this circuit ruled on whether a Pennsylvania robbery conviction constitutes a "violent felony" under § 924(e) in a more recent case dealing with what proof is required to demonstrate the fact of prior convictions necessary for § 924(e). United States v. Watkins, 54 F.3d 163 (3d Cir. 1995). In Watkins, the defendant argued for a per se rule that certified copies of the judgments of conviction should be required in every case before a sentencing court may determine that the defendant's prior convictions are "violent felonies."

16

<u>Id.</u> at 168.  The court noted that Watson was forced to make this broad argument because the information in his presentence report enabled the district court to clearly ascertain the statutes of conviction, Pennsylvania's burglary and robbery statutes, encompass only conduct that falls within the scope of § 924(e)(2)(B)(i) and (ii).  <u>Id.</u>  The court stated that, "[w]e have previously held that conviction under [18 Pa. Cons. Stat. Ann. § 3701] necessarily involves the 'use or threat of physical force' which qualifies for ACCA treatment as a 'violent felony.'  <u>Id.</u> at 168 n.2 (citing <u>Preston</u>, 910 F.2d at 86-87).

Cornish argues that <u>Preston</u> and <u>Watkins</u> are inapposite as neither involved a conviction for robbery in the third degree. Cornish states that both <u>Preston</u> and <u>Watkins</u> involved armed robberies, which necessarily gave rise to a risk of substantial bodily injury.  <u>See</u> <u>Preston</u>, 910 F.2d at 84; <u>Watkins</u>, 54 F.3d at 164-65.  Cornish claims that emphasis should instead be placed on a case from the D.C. Circuit which dealt with a crime more closely resembling the third degree robbery for which he was convicted.  <u>See</u> <u>United States v. Mathis</u>, 963 F.2d 399 (D.C. Cir. 1992).  In <u>Mathis</u>, the court held that a robbery conviction under section 22-2901 of the D.C. Code did not constitute a "violent felony" for purposes of 18 U.S.C. § 924(e).  <u>Id.</u> at 409.  The D.C. Code provision at issue provided that:
  Whoever by force or violence, whether against resistance
      or by sudden or stealthy seizure or snatching, or by
      putting in fear, shall take from the person or
      immediate actual possession of another anything of
      value, is guilty of robbery . . . .

<u>Id.</u> at 401 n.6 (citing D.C. Code Ann. § 22-2901 (1973)).  The

17

defendant, with an accomplice, robbed a woman on a moving bus by "sandwiching" her between them and through "stealthy seizure" took $30 from her purse. Id. The court of appeals agreed with the district court's interpretation of the statutory language and found that the statute had been specifically amended to include "an unlawful taking of property from the person of another, by sudden or stealthy seizure or snatching, without violence or putting in fear, and with the exercise of only sufficient force to accomplish the actual taking of the property." Id. at 408 (quoting Turner v. United States, 16 F.2d 535, 536 (D.C. Cir. 1926)). The court then held that "stealthy seizure" under section 22-2901 is not a "violent felony" within the meaning of § 924(e), "because the proof required to satisfy the element of force in the local statute falls below that which Congress intended in enacting § 924(e)." Id. at 409. The court, however, remanded the case to the district court for an examination of the record of the defendant's robbery conviction (i.e., the jury instructions and charging papers) to see whether it satisfies the uniform, federal standard of "use of force" thereby qualifying as a "violent felony" under § 924(e). Id. at 410.

> The Supreme Court of Pennsylvania has held that:
> [A]ny amount of force applied to a person while committing a theft brings that act within the scope of robbery under [18 Pa. Cons. Stat. Ann.] § 3701(1)(a)(v). . . .
> The degree of actual force is immaterial, so long as it is sufficient to separate the victim from his property in, on or about his body.

Commonwealth v. Brown, 484 A.2d 738, 741 (Pa. 1984). In Brown, the defendant ran up from behind the victim, quickly grabbed her

18

purse, and ran away.  Id. at 740.  The Pennsylvania Supreme Court found that the force used by Brown was a "harmful touching of the person, accompanied with sufficient force to compel the victim to part with the conscious control of her property, and supports a robbery conviction under § 3701."  Id. at 742.  Moreover, the court stated that, "[t]his conduct substantially differs from the case of the thief who merely takes the property of another with intent permanently to deprive him thereof, using no force or threat of force on the victim--like the pick-pocket (Chapter 39 of the Crimes Code)."  Id.  Unlike the D.C. statute, "stealthy seizure" is not included in Pennsylvania's robbery statute.

Cornish was convicted of third degree robbery pursuant to 18 Pa. Cons. Stat. Ann. § 3701(a)(1)(v), which requires that in the course of committing a theft, a person "physically takes or removes property from the person of another by force however slight."  18 Pa. Cons. Stat. Ann. § 3701(a)(1)(v) (emphasis added).  Based on a literal reading of the statute, the interpretation of § 3701 by the Pennsylvania Supreme Court, and this circuit's decisions in Watkins and Preston, we find that any conviction for robbery under the Pennsylvania robbery statute, regardless of the degree, has as an element the use of force against the person of another.  We hold that Cornish's conviction for third degree robbery is a "violent felony" pursuant to 18 U.S.C. § 924(e)(2)(B)(i) and the district court erred in failing to apply the enhanced penalties of § 924(e).  Accordingly, the case is remanded for resentencing consistent with this opinion.

19