

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2009

# USA v. Percy Travillion

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1337

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Percy Travillion" (2009). *2009 Decisions*. Paper 1577.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1577

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1337
_____

UNITED STATES OF AMERICA

v.

PERCY WILLIAM TRAVILLION,

Appellant.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 04-cr-00144-7)
District Judge: Hon. Joy Flowers Conti

_____

Submitted under Third Circuit LAR 34.1(a)
on February 3, 2009

Before: RENDELL, JORDAN and ROTH, Circuit Judges

(Opinion filed: April 7, 2009)

_____

O P I N I O N
_____

**ROTH**, <u>Circuit Judge</u>:

Percy Travillion appeals the judgment of the United States District Court for the Western District of Pennsylvania. For the reasons discussed below, we will affirm.

Because the parties are familiar with the facts, we discuss them only briefly here. On June 16, 2004, a grand jury returned a nineteen-count indictment charging eight individuals, including Travillion, with various drug-trafficking offenses. Travillion was charged in three of the nineteen counts. Specifically, Count Nine charged Travillion with conspiracy to distribute fifty grams or more of crack cocaine. Count Ten charged him with possession with intent to distribute fifty grams or more of crack cocaine, and Count Thirteen charged him with conspiracy to distribute 500 grams or more of powder cocaine. After a seven-day trial, a jury convicted Travillion of all three Counts. The District Court then sentenced him to 188 months of incarceration on each of the three counts, to be served concurrently, and five years of supervised release. Travillion appeals three issues; we have jurisdiction over his appeal under 8 U.S.C. § 1291.

Travillion first argues that the evidence presented was insufficient to support the jury's convictions for all three counts. Our review of an insufficiency of the evidence challenge is plenary. *United States v. Taftsiou*, 144 F.3d 287, 290 (3d Cir. 1998). We must affirm the convictions if, when viewing the evidence in the light most favorable to the government, a rational trier of fact could have found Travillion guilty beyond a reasonable doubt. *See United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir. 1995).

2

Travillion's insufficiency argument attacks the government's evidence that he conspired with Michael Good, a drug trafficker in Pittsburgh; instead, according to Travillion, the government merely proved a buyer-seller agreement with Good. Travillion's argument fails because the record is replete with sufficient evidence supporting the jury's determination that he had an agreement, with the common purpose of distributing drugs, with Michael Good. Indeed, Good himself testified for the government to this effect against Travillion.

Travillion next argues that the District Court erred in two ways when instructing the jury. First, he claims that the District Court erred by refusing his request to provide a *corpus delicti* instruction for Count Ten. Second, Travillion claims that the District Court erred by instructing the jury that it must take any stipulated facts as true. We review the District Court's refusal to give the requested instruction for abuse of discretion. *United States v. Weatherly*, 525 F.3d 265, 269 (3d Cir. 2008). We review unpreserved errors regarding jury instructions for plain error. *United States v. Cornish*, 103 F.3d 302, 306 (3d Cir. 1997). Travillion preserved only his first claim.

The purpose of the *corpus delicti*[1] doctrine is to prevent convictions of criminal defendants based solely upon untrue confessions. *See Warszower v. United States*, 312 U.S. 342, 346–47 (1941). Travillion insists that a *corpus delicti* instruction was necessary

---

[1] *Corpus delicti* means "the body or substance of the crime charged." *Government of Virgin Islands v. Harris*, 938 F.2d 401, 408 (3d Cir. 1991).

because the only evidence to support Count Ten was a tape-recorded statement with Good, and he was thus subjected to a conviction based on "his own uncorroborated confession." But we have held that tape-recorded statements "made prior to or during the commission of a crime"—like here—"need not be corroborated." *United States v. Eufrasio*, 935 F.2d 553, 576 (3d Cir. 1991). The District Court therefore did not abuse its discretion in refusing Travillion's *corpus delicti* instruction.

Travillion's second jury-instruction claim fails, too. To establish plain error, a defendant must satisfy four elements: (1) an error occurred, (2) the error was plain, i.e., clear, (3) the error must have affected substantial rights, and (4) that this Court should correct the error because it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Stansfield*, 101 F.3d 909, 920 (3d Cir. 1996) (internal quotations and citations omitted). Travillion fails at least prongs three and four because he does not contest the factual accuracy of the stipulations, and he entered into them voluntarily. *See Cornish*, 103 F.3d at 306.

Travillion finally argues that the District Court committed two procedural errors in sentencing, and that it erred by requiring him to supply a DNA sample. Where, as here, a challenge is made to the calculation of the Guidelines range, we review the District Court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008).

First, he claims that the District Court erred by assigning him one criminal-history point for a state offense where "no further penalty" was the decision. According to Travillion, that decision was not a "sentence," and the District Court therefore should not have added the point. Travillion's claim fails because that state offense consisted of two counts, for which the state court imposed concurrent sentences of probation after he plead *nolo contendere* to both. That state court determination was thus a sentence under the Guidelines. *See* U.S.S.G. §4A1.2(a)(1). The District Court properly increased his Guideline Range.

Travillion's second jury-sentencing claim fails, too. He asserts that the District Court erred in assigning him two points for obstruction of justice because the record does not support a finding that he willfully lied during his trial testimony. An enhancement for obstruction of justice requires findings that the defendant gave false testimony concerning a material matter with the willful intent to provide false testimony. *United States v. Johnson*, 302 F.3d 139, 154 (3d Cir. 2002) (citation and internal quotation marks omitted). Here, the Jury concluded that Travillion did lie about the type of drug at issue for Count Ten: Travillion testified that heroin was the drug, but the jury necessarily rejected this because it found him guilty for possession with intent to distribute crack cocaine. An enhancement for obstruction of justice is appropriate where the jury necessarily rejects a defendant's testimony to find him guilty. *Id.*

He finally claims that Congress exceeded its Commerce Clause authority in enacting the DNA Analysis Backlog Elimination Act, which the District Court relied on to mandate that he supply a DNA sample. We agree with the reasoning of the Ninth Circuit Court of Appeals that Congress acted within its power in enacting this Act because the personal, identifying information contained in a DNA sample constitutes a "thing" in interstate commerce. *See United States v. Reynard,* 473 F.3d 1008, 1023 (9th Cir. 2007).

We will thus affirm the judgment of the District Court.