

# NUMBER 13-22-00157-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SULLIVAN O'NEAL ARNOLD III,                                     **Appellant,**

**v.**

THE STATE OF TEXAS,                                               **Appellee.**

---

### On appeal from the 52nd District Court
### of Coryell County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Chief Justice Contreras and Justices Silva and Peña
### Memorandum Opinion by Chief Justice Contreras

A jury convicted Appellant Sullivan O'Neal Arnold III of driving while intoxicated

(DWI), third or more offense, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 49.04;

---

[1] This case was transferred from the Tenth Court of Appeals in Waco to this Court pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

49.09(b)(2). Appellant pleaded "true" to an enhancement paragraph in the indictment, increasing his punishment range to a second-degree felony, and the jury assessed punishment at fifteen years' incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice. *See id.* §§ 12.33(a), 12.42(a). By two issues, appellant contends that (1) there was legally insufficient evidence to prove his prior DWI convictions, and (2) the "trial court erred in instructing the jury to find [him] guilty on an element of the offense." We affirm the trial court's judgment.

## I. BACKGROUND

A grand jury indicted appellant on September 16, 2021. The indictment alleged that on or about May 4, 2021, in Coryell County, appellant "did then and there operate a motor vehicle in a public place while [he] was intoxicated." *See id.* § 49.04. The indictment also alleged that appellant had two prior DWI convictions in Mississippi. Trial commenced on March 22, 2022.

Officer Roger Snow of the City of Copperas Cove Police Department testified that he was working the night shift on May 4, 2021. Officer Snow parked his cruiser in a parking lot to "do[] traffic control." Around 11:00 p.m., he saw a car pass him at a high speed. Because his handheld speed radar was not with him, Officer Snow pulled out into traffic to pace the vehicle, a process by which an officer "get[s] up to a speed until the vehicle is no longer getting closer or further away so [the officer] can determine [the vehicle's] speed." Officer Snow determined the driver was speeding, so he approached the vehicle and activated his emergency lights, but the driver raced off. Officer Snow gave chase. At some point, the fleeing car skidded over potholes and a curb, rupturing its tires

2

and radiator, and ultimately came to a stop. Appellant immediately exited the car with his hands raised, and Officer Snow and his partner secured appellant in handcuffs. Appellant refused to provide a breath sample to measure his blood alcohol content (BAC), so the officers obtained a signed warrant to draw appellant's blood. McCayla Lopez, a Texas Department of Public Safety forensic scientist, testified that the blood drawn from appellant showed a BAC of 0.137. Appellant was charged with evading arrest with a vehicle and DWI.[2]

Following Officer Snow's testimony, the State moved, without objection, to introduce appellant's stipulation as to his two prior DWI convictions alleged in the indictment. The stipulation provided:

1. [Appellant] is aware that he has a right to remain silent and not give any statement at all and that any statement he makes may be used against him at trial.

2. Any statement [appellant] makes may be used against him at trial.

3. Knowing the foregoing rights, [appellant], upon consultation with his attorney of record, waives his right to remain silent only to the extent of any stipulation contained in this document.

4. I, [appellant], am the identical person named in the indictment in the above styled and numbered cause; and I have read the same and hereby agree and confess that:

> On the 14th day of June 2011, in cause number 11-010879 in Biloxi Municipal Court of Harrison County, Mississippi, I was convicted of an offense relating to the operating of a motor vehicle while intoxicated; and

---

[2] Each charge was assigned a separate trial cause number. The two trial causes were tried together on March 22, 2022, and resulted in two separate judgments. The appeals from the two judgments maintain separate appellate cause numbers. This appeal concerns appellant's DWI third or more conviction only. Appellant's counsel filed an *Anders* brief in appellant's related appeal, No. 13-22-00156-CR, concerning his evading arrest with a vehicle conviction.

On the 7th day of November 2012, in cause number 2001209310 in the Pascagoula Municipal Court of Jackson County, Mississippi, I was convicted of an offense relating to the operating of a motor vehicle while intoxicated and both of these convictions became final before the 4th of May 2021.

The trial court admitted the stipulation into evidence as State's Exhibit 7.

Following the close of appellant's case, the court proceeded to the jury charge conference. Neither party objected to the charge, which provided in part that:

A person commits the offense of [DWI] 3rd or More, if the person commits the offense of [DWI] and the person has previously been convicted two or more times of an offense relating to operating a motor vehicle while intoxicated.

A person commits the offense of [DWI] if the person is intoxicated while operating a motor vehicle in a public place.

The Defendant has stipulated to two prior [DWI] offense convictions. You are instructed to find those elements have been established and that the jurisdiction of this District Court has been established. With respect to the evidence concerning the defendant having been two times previously convicted of being intoxicated while operating a motor vehicle in a public place, you are instructed that you cannot consider such evidence as in any manner proving or tending to prove that the defendant was intoxicated or operated a motor vehicle in a public place on the 4th day of May 2021.

The jury deliberated, found appellant guilty of DWI third or more, and assessed punishment at fifteen years' incarceration. This appeal followed.

## II.    SUFFICIENCY OF THE EVIDENCE

Appellant does not dispute the sufficiency of the evidence to convict him of DWI stemming from the incident on May 4, 2021. He does allege by his first issue that the evidence of his two prior convictions was legally insufficient. We disagree.

### A.    Standard of Review

"In reviewing the sufficiency of the evidence to support a conviction, we consider

4

the evidence 'in the light most favorable to the verdict' to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Delagarza v. State*, 635 S.W.3d 716, 723 (Tex. App.—Corpus Christi–Edinburg 2021, pet. ref'd) (quoting *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020)); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

"The sufficiency of the evidence is measured by comparing the evidence produced at trial to 'the essential elements of the offense as defined by the hypothetically correct jury charge.'" *Curlee v. State*, 620 S.W.3d 767, 778 (Tex. Crim. App. 2021) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "A hypothetically correct jury charge 'accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

A hypothetically correct charge would instruct the jury that a person commits the offense of DWI, third or more, as alleged in the indictment, if he "is intoxicated while operating a motor vehicle in a public place," *see* TEX. PENAL CODE ANN. § 49.04, and it is shown that he "has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated," *see id.* § 49.09(b)(2). Any other "[o]ffense relating to the operating of a motor vehicle while intoxicated" includes, among other things, "an offense under the laws of another state that prohibit the operation of a motor vehicle while intoxicated." *Id.* § 49.09(c)(1)(F). As here, "when prior convictions are used to elevate what would otherwise be a misdemeanor offense to the level of a felony,

5

they must be pled in the indictment for the trial court to gain jurisdiction." *Tamez v. State*, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000).

## B.    Stipulating to Prior Convictions

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "No specific document or mode of proof is required to prove these two elements. There is no 'best evidence' rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document." *Id.* "While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different ways, including . . . the defendant's admission or stipulation." *Id.* at 921–22 (footnotes omitted); *see Tamez*, 11 S.W.3d at 202 (concluding in part that a defendant's stipulation to previous DWI convictions should suffice to prove the prior convictions).

A stipulation "conced[es] for the purposes of the trial the truth of some alleged fact" such that "the fact is thereafter to be taken for granted; so that the one party need offer no evidence to prove it, and the other is not allowed to disprove it." *Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005). Stipulating to prior convictions serves as "a judicial admission which remove[s] the need for proof of those convictions." *Id.* at 402. Thus, by entering a stipulation in a criminal case on a particular element, a defendant "waive[s] 'his right to put the government to its proof of that element.'" *Id.* (quoting *United States v. Harrison*, 204 F.3d 236, 240 (D.C. Cir. 2000)). The defendant "cannot complain

6

on appeal that the State failed to prove 'an element to which he confessed.'" *Id.* (quoting *United States v. Branch*, 46 F.3d 440, 442 (5th Cir. 1995) (per curiam)); *see also Sanchez v. State*, No. 13-15-00223-CR, 2016 WL 872535, at *3 (Tex. App.—Corpus Christi– Edinburg Feb. 18, 2016, no pet.) (mem. op., not designated for publication) ("Based on *Bryant*, we conclude that . . . [appellant] may not challenge whether the State proved the element to which he stipulated beyond a reasonable doubt.").

## C. Analysis

Because appellant admits that he stipulated to his prior DWI convictions from Mississippi, he cannot now claim on appeal that the stipulation failed to prove his two prior DWI convictions. *See Bryant*, 187 S.W.3d at 400; *Woods v. State*, 398 S.W.3d 396, 400 (Tex. App.—Texarkana 2013, pet. ref'd) (concluding that appellant "was barred from challenging the sufficiency of his [prior] DWI conviction [on appeal] because he had stipulated to that conviction"); *see also Sanchez*, 2016 WL 872535, at *3; *cf. Hartman v. State*, 198 S.W.3d 829, 843 (Tex. App.—Corpus Christi–Edinburg 2006, pet. struck) (concluding that stipulating to prior convictions "arguably rises to the level of estoppel when it comes to challenging the legitimacy of using those priors," and such challenges may also be barred by the law of invited error). We overrule appellant's first issue.

## III.     JURY CHARGE ERROR

By his second issue, appellant contends that the trial court erred when it "partially instructed the jury to find an element of the offense—namely that the [two prior DWI] jurisdictional convictions were 'established.'" Appellant contends that the instruction "impermissibly granted the State a partial directed verdict on an element of the offense."

7

In reviewing a challenge to a jury charge, we undertake a two-step analysis. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). We first determine whether the jury charge contained error. *Id.* If error is found, we then "analyze the harm resulting from the error." *Id.* "A jury charge must distinctly set forth the law applicable to the case and set out all of the essential elements of the offense." *Martin v. State*, 200 S.W.3d 635, 639 (Tex. Crim. App. 2006); *see* TEX. CODE CRIM. PROC. ANN. art. 36.14. Jurisdictional elements are essential. *Martin*, 200 S.W.3d at 639. Thus, when the State charges a defendant with a DWI third or more, the jury charge should instruct the jury "about the existence and effect of a defendant's stipulation to the two jurisdictional prior DWI convictions." *Id.* at 637; *see Tamez*, 11 S.W.3d at 201. There are several ways by which the trial court can instruct the jury about the stipulated prior convictions. *Martin*, 200 S.W.3d at 639. One "way is to simply charge the elements of the underlying DWI offense and include a paragraph stating that the defendant has stipulated to the existence of two (specified or unspecified) prior DWI convictions, and thus the jury is directed to find that those elements of felony DWI are established." *Id.*

Here, the charge informed the jury that defendant stipulated to two prior DWI convictions, and instructed the jury to find that the two jurisdictional DWI offenses were established. These instructions are acceptable under *Martin*; indeed, they track one of the examples provided in the opinion. *See* 200 S.W.3d at 639; *see also Brown v. State*, No. 10-17-00343-CR, 2018 WL 4926209, at *3 (Tex. App.—Waco Oct. 10, 2018, pet. ref'd) (mem. op., not designated for publication) (concluding that a virtually identical jury charge in a DWI third or more case was proper under *Martin*); *Moore v. State*, No. 06-14-

8

00056-CR, 2015 WL 832266, at *6 (Tex. App.—Texarkana Feb. 25, 2015, no pet.) (mem. op., not designated for publication) (overruling appellant's argument that the trial court improperly instructed the jury on his prior conviction because "[t]he trial court's instruction fell squarely within the parameters of *Martin*").

Appellant argues that the court of criminal appeals wrongly decided *Martin*, that the Waco court in *Brown* improperly relied on *Martin* in a case with similar facts,[3] and that we should ignore both cases and instead follow the United States Supreme Court's holding in *United Brotherhood of Carpenters & Joiners of America v. United States*, 330 U.S. 395, 398 (1947). Appellant contends that "[i]t is the United States Constitution, as interpreted by the United States Supreme Court, that is the supreme law of the land," and when Texas case law conflicts with Supreme Court case law, Texas courts must follow the latter.

But, as an intermediate appellate court in Texas, we are required to follow the decisions of the Texas Court of Criminal Appeals. *See* TEX. CONST. art. V, § 5(a) ("The Court of Criminal Appeals shall have final appellate jurisdiction . . . , and its determinations shall be final, in all criminal cases of whatever grade . . . ."); *Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003) ("It is axiomatic that a Court of Appeals has no power to 'overrule or circumvent [the] decisions, or disobey [the]

---

[3] In transfer cases, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." TEX. R. APP. P. 41.3. While unpublished memoranda opinions in criminal cases have no precedential value, *see id.* R. 47.7(a), "we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)). And Rule 47.7 should not be read to "justify[] unreasoned inconsistency on the part of an appellate court." *Carrillo*, 98 S.W.3d at 794.

9

mandates,' of the Court of Criminal Appeals." (quoting *State ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex. Crim. App. 1971)). And like our sister court in Waco noted in *Brown*, to our knowledge, *Martin* is still the controlling precedent in Texas. *See Martin*, 200 S.W.3d at 639; *see also Brown*, 2018 WL 4926209, at *3. In any event, even if this Court could circumvent a decision of the court of criminal appeals, we would have no basis to do so here under appellant's stated theory.

In arguing against *Martin*, appellant cites *Carpenters* for the proposition that "a judge may not direct a verdict of guilty no matter how conclusive the evidence." *Carpenters*, 330 U.S. at 408; *see Sullivan v. Louisiana*, 508 U.S. 275, 277 (1993) ("[A]lthough a judge may direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, he may not direct a verdict for the State, no matter how overwhelming the evidence."). In *Carpenters*, the Supreme Court held that the trial court's improper exclusion of a requested jury instruction on an element of the relevant offense may have amounted to a directed verdict on that element, as it was not clear that the jury considered it. *Carpenters*, 330 U.S. at 408–09; *see United States v. Mentz*, 840 F.2d 315, 324 (6th Cir. 1988) ("[W]hen an instruction prevents the jury from considering a material issue, it is equivalent to a directed verdict on that issue . . . ."). That conclusion satisfies the Sixth Amendment requirement that "the jury, rather than the judge, [must] reach the requisite finding of 'guilty,'" and the Fifth Amendment requirement that, to do so, the jury must find each element of the charged crime beyond a reasonable doubt. *Sullivan*, 508 U.S. at 277–78; *see* U.S. Const. amends. V, VI. But neither *Carpenters* nor any of the cases appellant cites concerns an instance where, as here, the defendant stipulates to

10

the facts establishing an element of the charge against him, and that stipulation is presented to the jury.

While he cites no authority on point, appellant's constitutional contention is still relevant in the stipulation context. "[W]hether the government's duty to prove each element of a crime beyond a reasonable doubt is diluted impermissibly if the jury instructions do not submit the stipulation for the jury's consideration" has never been addressed by the Supreme Court and is a "thorny question [that] has divided the [federal] courts of appeals." *United States v. Meade*, 175 F.3d 215, 223 n.2 (1st Cir. 1999). This includes submitting the stipulation but mandating that the jury find that the stipulated fact or element has been proven. *Compare United States v. Muse*, 83 F.3d 672, 680 (4th Cir. 1996) (concluding that the stipulation must be submitted to the jury and suggesting that, to preserve a defendant's Fifth and Sixth Amendment rights, the jury should be instructed that it may, but need not, find that the stipulated element has been proved beyond a reasonable doubt); *with United States v. Mason*, 85 F.3d 471, 472 (10th Cir. 1996) (noting that "by stipulating to elemental facts, a defendant waives his right to a jury trial on that element," and concluding that instructing the jury that they should find that a stipulated element of an offense had been proven did not constitute a directed verdict on that element because "the judge has not removed the consideration of an issue from the jury; the parties have").[4]

---

[4] When faced with the same issue, the Second, Third, and Sixth Circuits each sidestepped the question of whether the trial court's instructions were erroneous and instead analyzed the issue for plain error—and ultimately affirmed the convictions in each case. *See United States v. Gonzalez*, 110 F.3d 936, 948 (2d Cir. 1997); *United States v. Cornish*, 103 F.3d 302, 306 (3d Cir. 1997); *United States v. Jones*, 108 F.3d 668, 673 (6th Cir. 1997).

11

We do not undertake further analysis of the issue, however, because the Supreme Court has not opined on the matter. Thus, even if, as appellant suggests, this Court had the authority to stray from an on-point decision from the court of criminal appeals that conflicted with United States Supreme Court precedent, we would have no cause to do so here.

We conclude that the jury charge instructing the jury "to find [appellant's two prior DWI convictions] have been established" was not erroneous. *See Martin*, 200 S.W.3d at 640; *Price*, 457 S.W.3d at 439. We overrule appellant's second issue.

## IV.    CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
23rd day of March, 2023.

12